SEWELL *vs.* PRICE'S ADM'R.

[BILL IN EQUITY TO HAVE ABSOLUTE CONVEYANCE DECLARED A MORTGAGE.]

1. *When equity will declare absolute bill of sale a mortgage.*—A court of equity, in declaring a conveyance absolute on its face to be a mortgage, proceeds on the idea, that it would be a fraud to allow the grantee to hold the property discharged of the parol conditions or trusts which were attached to it by his consent; and requires the complainant to prove, either by the admissions of the answer, or by clear and convincing evidence, that the original transaction was at the time intended and understood by both parties as a mere security for the re-payment of money.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. A. J. WALKER.

THIS bill was filed by the appellant, against the distributees and personal representatives of John Price, deceased, and sought to have an absolute bill of sale for a slave declared a mortgage. The bill of sale was dated on the 2d March, 1841, when the transaction between the parties took place, and recited a consideration of $600. The bill was filed on the 2d October, 1850. Price died in the latter part of the year 1848. The bill alleged, that Price always acknowledged the complainant's right to redeem the slave; and that complainant went to Price's house, a short time before his death, for the purpose of redeeming the slave, but found Price too unwell to attend to business. Eight witnesses were examined by the parties on each side, the substance of whose testimony consists of subsequent admissions and declarations by said Price and complainant, as to the character of the contract under which the slave went into the possession of Price. On final hearing, on pleadings and proof, the chancellor held, that the transaction between the parties, as shown by the evidence, was a conditional sale, and not a mortgage. He therefore dismissed the bill, and his decree is now assigned as error.

ROBINSON & JONES, for appellant.

WALKER, CABANISS & BRICKELL, *contra.*

RICE, C. J.—The ground on which a court of equity permits parol evidence to show a conveyance absolute on its face to be a mortgage, or that it was executed upon certain parol conditions or trusts, is, that it would be a fraud to allow the grantee to hold the property discharged of the conditions or trusts, which by his consent were attached to the conveyance, and which he agreed to fulfill. To authorize that court to treat a deed absolute on its face as a mortgage, it must appear by the admissions of the answer, or by clear and convincing proof, not only that the grantor intended and considered it as a mortgage, but that the grantee intended and accepted it as a mortgage; in other words, that "the object of the transaction, in its original construction, as understood *by both parties,* was to create a security for money." For, if the grantee did not understand it as a mortgage, and did not intend or accept it as such, and did not agree to fulfill any parol condition or trust attached to it by his consent, he cannot be guilty of a fraud in asserting an absolute title in himself to the property conveyed by it. And where no fraud or breach of good faith or trust can be imputed to him, in relation to the transaction in which he obtained the conveyance, or in relation to the claim asserted by him under that transaction, he is entitled in a court of equity, as well as in a court of law, to the full protection and stringent application of the general rule, that parol evidence can not be received to vary the terms of a written contract. Chapman v. Hughes, 14 Ala. R. 218; West v. Hendrix, 28 *ib.* 226; Holmes v. Fresh, 9 Missouri R. 200; McKinstry v. Conly, 12 Ala. R. 678.

The absolute conveyance, in the face of which the grantor here seeks relief, was executed by him in March, 1841. It conveys a negro woman and her child, who passed instantly into the possession of the grantee, and remained with him until his death, more than seven years after the execution of the conveyance. The application for the relief now sought was not made until October,

1850, some two years after the death of the grantee.  An excuse for failing to file a bill for the relief, *before the grantee died,* is alleged in the bill, but is not proved. Now, without intimating an opinion upon the question, whether the grantor is barred by lapse of time, it is clear that, to entitle himself to relief on *the bill filed,* as this was, *against the heirs and representatives* of the grantee, he ought at least to have established, by clear and convincing proof, that the conveyance does not express the true contract of the parties, and that it was understood and accepted by the grantee as a mortgage, or mere security for money. Brantly v. West, 27 Ala. R. 542, and cases cited *supra.* His case, as made by his bill, is not established by such proof.  The decree of the chancellor must, therefore, be affirmed, at the costs of the appellant.