## PEARSON *vs.* SEAY.

[BILL IN EQUITY FOR RESCISSION OF CONTRACT.]

1. *When purchaser may rescind in equity.*—A purchaser of land under a conditional sale, by which a right to re-purchase is reserved to the vendor, may obtain a rescission of the contract in equity, on account of the vendor's want of title, where the vendor is insolvent, and the possession of the land has never been delivered to the purchaser.

2. *Difference between mortgage and conditional sale.*—A conveyance, in the usual form of a deed of bargain and sale, reciting as its consideration the present payment of $600 by the grantee to the grantor, and containing covenants of warranty, with a stipulation in these words : " Now it is agreed between the parties, and is hereby made a part of the above obligation, that if the said M. [grantor] pay, or cause to be paid unto the said P. [grantee], on or before the first day of January next, the sum of $600, which amount the said P. this day paid to him in consideration of the above purchase, then this obligation to be void, else to remain in full force and effect ",— *held* a conditional sale, and not a mortgage, on proof that it was executed at the instance of the grantor, for his benefit and accommodation, for the purpose of raising money ; and that the grantee, in consideration of said conveyance, executed to the grantor several promissory notes, amounting in the aggregate to the sum recited as the consideration of the deed.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Benjamin F. Pearson, against John W. Seay, Francis M. Mosely, and Mary Ann Mosely, his wife, and alleged the following facts: 1. "On or about the 14th March, 1856, Francis M. Mosely came to complainant, and desired that he should *assign*, as his surety, certain promissory notes, to be then and there given, for borrowed money; which request was speedily and positively rejected." 2. "Said Mosely then proposed, for the purpose of raising said money, to sell and convey to complainant certain lands, of which he claimed to be possessed, and, in pursuance thereof, did sell and convey (he accepting and consummating said contract for the benefit and accommodation of said Mosely) the following lands", (describing them,) "as will more fully appear by his conditional deed, a copy of which is here-

unto attached, and prayed to be taken as a part of this
bill." 3. "In consideration of said conveyance, com-
plainant promised and agreed to pay said Mosely the
sum of $600, and then and there executed his certain
promissory notes, as follows—thirteen notes, for the sum
of $45 each, and one note for $15, all bearing date the
14th March, 1856, and payable the 1st January, 1857, to
said F. M. Mosely or bearer, and delivered the same to
respondent." 4. "At the time of the execution and de-
livery of said notes and the acceptance of said convey-
ance, said F. M. Mosely falsely and fraudulently repre-
sented to complainant, that he was seized in fee of said
lands, and had a perfect right and title to the same, and
that his said wife would readily assign her dower in and
to said lands; whereas complainant is informed and be-
lieves, and so states, that said F. M. Moseley has not,
and never had, the right and title to said land, but that
the condition or state of the right and title is as follows:
One N. B. Cole, for and at the instance and request of
the wife of said F. M. Mosely, then Mary Ann Irwin,
widow of James Irwin, deceased, entered said land in
his own name, and the patent was issued to him. Sub-
sequently, but before the marriage of said Mary Ann
Mosely, said N. B. Cole conveyed his right and title to
her, and delivered to her therewith the patent to said land.
The money paid by said Cole for the entry of said land,
or for his subsequent conveyance of the same to said
Mary Ann, was furnished by her, and was obtained by
the sale of personal property belonging to the estate of
said James Irwin, deceased. There were, and now are,
two living children of said James Irwin, deceased, who
now set up and claim an interest in said lands, as belong-
ing to the estate of their said father." 5. "Said F. M.
Mosely has transferred said notes to one John W. Seay,
who has commenced his action against complainant, to
the fall term of the circuit court of Barbour county, to
enforce the collection of said notes, and, unless restrained
from further proceedings therein by the intervention of
this honorable court, complainant will suffer seriously
from being made to pay the same." 6. "Said F. M.

Mosely is utterly insolvent, and has never given possession of said land, though requested so to do, denying his right to control the same; and his said wife refuses to assign her interest. Ever since the discovery of said fraudulent representations, after the transfer of said notes, complainant has been, and now is, willing and anxious to rescind said contract; and he must suffer serious and permanent injury, unless the same be rescinded, and said notes given for the purchase-money be ordered to be given up, and the collection of the same be perpetually enjoined."

The bill prayed an injunction of the action on the notes, a rescission of the contract, the cancellation of the notes, and general relief.

The deed from Mosely to Pearson, as shown by the exhibit to the bill, recited as its consideration the present payment of $600 by Pearson to Mosely, contained the usual covenants of warranty, and a stipulation was inserted in the following words: "Now it is agreed between the parties, and is hereby made a part of the above obligation, that if the said Mosely pay, or cause to be paid, unto the said Pearson, on or before the first day of January, 1857, the sum of $600, which amount the said Pearson this day paid him in consideration of the above purchase, then this obligation to be void; else, to remain in full force and effect."

After filing answers, the defendants submitted a motion to dismiss the bill for want of equity. The chancellor sustained the motion, and dismissed the bill; and his decree is now assigned as error.

PUGH & BULLOCK, for appellant.—1. The conveyance by Mosely to Pearson, as shown by the deed itself and the averments of the bill, is a conditional sale, and not a mortgage. It has none of the elements of a mortgage: the relation of debtor and creditor did not previously exist between the parties, and there is no alleged disparity between the value of the property and the price agreed to be paid for it.—Eiland v. Radford, 7 Ala. 724; Sewall v. Henry, 9 Ala. 24.

2. If the deed is a conditional sale, the equity of the bill is fully sustained by the following cases: Starke v. Hill, 6 Ala. 785; Cullum v. Branch Bank, 4 Ala. 21; Thrasher & Mitchell v. Pinckard's Heirs, 23 Ala. 616; McLemore v. Mabson, 20 Ala. 137.

J. BUFORD, *contra.*—The transaction between Pearson and Mosely originated in the application of the latter for aid in obtaining a loan of money—in other words, for the loan of Pearson's credit; and although Pearson declined to become surety, *eo nomine*, yet, in effect, he did lend his credit, by giving his notes to Mosely, to be sold or disposed of by him for the purpose of raising money, and taking a defeasible deed, or mortgage, to secure the repayment of the amount of the notes. No matter what the form of the contract may be, if it is, in substance and effect, but a security for the repayment of money, (and *a fortiori* if a mere indemnity,) it is a mortgage, and not a conditional sale.—Crews v. Threadgill, at the last term; Locke v. Palmer, 26 Ala. 312; 29 Ala. 254; 16 Ala. 501; 13 Ala. 240; 9 Ala. 24; 2 Porter, 214, 433.

STONE, J.—If the transaction which is brought to our notice in this record, was a sale by Mosely to Pearson, with a right reserved in the former to repurchase, there can be no question that the bill, on its face, contains equity.—See the authorities collected and classified in the case of Kelly's Heirs v. Allen, at the last term.

The chancellor dismissed the bill for want of equity; and hence we are required to pronounce only on the case as made by the bill itself.

[2.] If the deed from Mosely to Pearson be a mortgage, it is not a mortgage to secure the payment of the notes given by the latter to the former. It does not appear, either from the deed, or the face of the bill, that Mosely was under any promise or obligation to pay or protect the notes which were given by Pearson. It would be a strange proceeding, if Mosely should execute a mortgage to Pearson, to secure the payment of notes made by Pearson to him, Mosely.

If, then, the deed be a mortgage, it is a mortgage to secure the payment of six hundred dollars, which Mosely promised to pay to Pearson. It does not appear that there is any written evidence of such promise, other than what may be gathered from the terms of the deed. The fact that Pearson gave to Mosely notes, as evidence of his promise to pay six hundred dollars to him, is evidence that the parties knew the importance of a more enduring memorandum of their contracts, than human memory affords. Their failure to provide such evidence, is a circumstance tending to show that Mosely made no such promise.

Again: If we hold this deed to be a mortgage, the present transaction becomes a very anomalous one. Both Mosely and Pearson enter into a contemporaneous promise, each to pay the other six hundred dollars. The promise of each is the consideration on which the promise of the other rests. If this be so, and if Mr. Pearson has not estopped himself from defending against his notes in the hands of a transferree, then, whenever any attempt is made to coerce payment from him, he can plead Mosely's promise to him as a set-off, and defeat the recovery. Still, this argument assumes that Pearson required and took a mortgage to secure the payment of Mosely's debt to him. This view, it seems to us, furnishes another argument against the assumption that the present deed was intended only as a mortgage.

We have duly examined our decisions on this question, and the tests they lay down for determining when a deed is to be regarded as a sale, and when security for money. See the following authorities: Eiland v. Radford, 7 Ala. 724; Sewall v. Henry, 9 Ala. 24; Turnipseed v. Cunningham, 16 Ala. 501; Locke v. Palmer, 26 Ala. 312; West v. Hendrix, 28 Ala. 226; Parish v. Gates, 29 Ala. 254; Crews v. Threadgill, at the last term.

Although this transaction had its inception in a proposition to borrow money, yet there was in fact no loan of money. We cannot, on the face of the deed, or in the bill, find the evidence that Mr. Mosely owed Mr. Pearson a debt, as was held in the cases of Locke v. Palmer, Par-

ish v. Gates, and Crews v. Threadgill, *supra.* There being no debt, there is no mortgage.

Taking the face of the deed and the averments of the bill for our guide, we think the transaction was a sale by Mosely, with the privilege of repurchasing.—See West v. Hendrix, *supra.*

We confine what we have said to the case made by the complainant's bill.

The decree of the chancellor is reversed, and the cause remanded.