PHILLIPS *vs.* CROFT ET AL.

| 42 | 477 |
| 108 | 538 |

[BILL TO DECLARE ABSOLUTE DEED A MORTGAGE.]

1. *To establish a deed absolute on its face as a mortgage; what is necessary.*—
Where a deed is absolute on its face, a court of equity will not estab-
lish it as a mortgage, "unless the proofs are clear, consistent, and con-
vincing, that it was not an absolute purchase; and that the object of
the transaction, as understood by both parties, was to create a security
for money."

APPEAL from the Chancery Court of Jefferson.
Heard before Hon. JOSEPH R. JOHN, Chancellor.

THIS was a bill in chancery filed by the appellant (Phil-
lips) to have a deed, absolute on its face, made by Ira E.
Croft, to Clarissa Croft, one of the appellees, declared a
mortgage. As this is the only question passed upon by
the court, and the opinion of the court contains a full
statement of all the testimony upon which the decision of
the court is based, no further preliminary statement is
deemed necessary. The court below, at the final hearing,
dismissed the complainant's bill; and from this decision
he appeals, and assigns the same for error.

WM. S. EARNEST, for appellant.

JUDGE, J.—In the present aspect of this case, we do
not deem it necessary to decide the question, whether the
equity of redemption of a ward, in real estate, may be
sold, under a decree of the probate court, in a proceeding
under § 2027 of the Code, or under the act of 1851–52, p.
84; but proceed to the consideration of the main question
involved, which is as to the sufficiency of the evidence to
authorize the deed, (absolute on its face,) of Ira E. Croft
to Clarissa Croft, to be established as a mortgage.

It is well settled in this State, that when the right of

redemption, in such a case, is denied by the answer—the answer being under oath and the oath not waived—a court of equity will not treat the conveyance as a mortgage, "unless the proofs are clear, consistent, and convincing, that it was not an absolute purchase, and that the object of the transaction, in its original construction, as understood by both parties, was to create a security for money."— (*West and Wife v. Hendrix*, 28 Ala. 226; see, also, *Harris v. Miller*, 30 Ala. 221.; *Sewell v. Price's Administrator*, 32 Ala. 97.)

To overcome the denials of the answer in this case, the appellant relies upon the evidence of Martin Williams, Jas. Morgan, Jesse T. Campbell, and L. V. Musgrove.

*Williams* testified, in effect, that he was present in April or May, 1856, when appellant tendered to the grantee the money she had paid to the grantor as the consideration for the conveyance, and demanded a re-conveyance of the title; and that the grantee said, " she did not want the money, and that if appellant got the land, he would get it by law. She further stated that she was to make Ira E. Croft a title to the land when she got the money she had loaned him."

*Morgan*, who was present on the same occasion, testified that the grantee said, " she would not have the money, and if he (appellant) ever got the land, he would get it by law; though she said it had always been the contract with her and Ira Croft, that when she got her money, she was to make him a title."

*Campbell*, who acted as one of the appraisers of the estate of Ira E. Croft, says, that at the time of the appraisement, the grantee said, " she would not let the land be sold unless she got her money."

*Musgrove* was examined twice. His first examination occurred on the 6th of August, 1858. The 6th interrogatory-in-chief, to him propounded, asked him to state all he knew about the deed in controversy, and to state all he heard either of the parties say about it; and whether it was regarded by the parties as a deed absolute, or only in the nature of a mortgage? The 6th cross-interrogatory to him was, in effect, that if he should say the deed was

regarded as a mortgage, to state by whom it was so regarded, and to state the facts upon which he based his conclusion? In response to the interrogatory-in-chief, the witness said, "I know nothing of any deed from Ira E. Croft to Clarissa, more than what Ira E. Croft told me, and that was that Clarissa had a deed to the land, and Clarissa also told me that she held a deed. I do not know what kind of a deed it was considered by the parties." And in answer to the cross-interrogatory, he said: "I do not know how said deed was regarded by the parties, though I heard Clarissa say that if Ira E. Croft had paid back the money he borrowed of her before his death, she would have let him have the land back, or something to that effect." On the re-examination of this witness, which occurred on the 20th of August, 1862, (more than four years after his first examination,) in response to an interrogatory-in-chief calling for the declarations of the grantee, the witness said: "She told me that she acknowledged it was a mortgage deed to Martin M. Phillips, in the presence of Martin Williams and James Morgan. I told her that she ought not to acknowledge to any living person that it was a mortgage deed, and she said all she wanted was money. She demanded gold or silver from him. I told her that they would gain the land by her acknowledging it was a mortgage deed." In answer to a cross-interrogatory on the same examination, the witness said, these declarations were made "at James Croft's house, a few minutes after he, Martin M. Phillips, left, and had tendered her the money."

Williams and Morgan, who were present at the alleged tender by Phillips, do not testify to such an admission by the grantee to Phillips, as the evidence of Musgrove, on his last examination, tends to prove; besides, Musgrove, on his final examination, which was subsequent to the date of the tender, although asked for the declarations of the grantee as to how she regarded the deed, had no memory of the conversation with her, last testified to by him; and this, too, when the conversation should have been fresher in his recollection than when it was when testified to, years after.

Under all the circumstances, the declarations of the

grantee, as proved by the witness, relied upon by counsel for the appellant, " do not rise to the dignity of that clear and convincing parol proof which is allowed to control the written contract of parties."—(*Bryan & McPhial v. Cowart*, 21 Ala. 92 ; *Brantley v. West*, 27 Ala. 542.) And more especially are these declarations insufficient to overturn the sworn denials of the answer, when sustained, as they are, by the evidence of Thomas Wilson, (the only witness examined who was present when the execution of the deed was acknowledged,) and also of Jane Butt and Elizabeth Prayter.

The decree of the chancellor dismissing the bill is affirmed.