# Perdue *v.* Bell.

*Bill in Equity to have Absolute Conveyance declared Mortgage, and for Account and Redemption.*

1. *Declaring absolute conveyance to be mortgage, on oral evidence.* Where the writings executed by and between the parties show an absolute sale, with a reservation or stipulation of the right to re-purchase at a specified price, and within a specified period of time; if their legal effect can be varied by oral evidence showing that only a mortgage was intended, the evidence "must reasonably and satisfactorily show that a mortgage was intended by both parties;" and where the evidence shows, as here, that though the relation of debtor and creditor had existed between the parties, the debt was paid and discharged, no evidence of continuing liability being taken, and there is no great disparity between the value of the property and the consideration paid, it is not sufficient to overcome the presumption arising from the face of the writings.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 6th April, 1886, by

[Perdue v. Bell.]

George Perdue, against Newton J. Bell; and sought to have a conveyance, which was absolute on its face, declared a mortgage, and for an account and redemption. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

J. C. RICHARDSON, and WATTS & SON, for appellant, cited *Eiland v. Radford*, 7 Ala. 724; *Turnipseed v. Cunningham*, 16 Ala. 501; *Locke v. Palmer*, 26 Ala. 312; *Crews v. Threadgill*, 35 Ala. 334; *Wells v. Morrow*, 38 Ala. 125; *McNeill v. Norsworthy*, 39 Ala. 156; *Lyon v. Powell*, 78 Ala. 351; *Rapier v. Paper Co.*, 77 Ala. 126; 1 Jones on Mortgages, § 340; *Sewell v. Henry*, 9 Ala. 24; *Berry v. Nall*, 54 Ala. 446; *Goodman v. Pledger*, 14 Ala. 118; *Lanier v. Waddell*, 62 Ala. 347; *Dickinson v. Bradford*, 59 Ala. 581; *Thompson v. Lee*, 31 Ala. 292; *Noble v. Moses Brothers*, 81 Ala. 530.

W. R. HOUGHTON, *contra*, cited *Adams v. McKenzie*, 18 Ala. 698; *Brooks v. Martin*, 43 Ala. 360; *Grace v. McKissack*, 49 Ala. 163; *McCravey v. Remson*, 19 Ala. 430; *Peebles v. Stolla*, 57 Ala. 53; *Haynie v. Robinson*, 58 Ala. 37; *Logwood v. Hussey*, 60 Ala. 417; *McKinstry v. Conley*, 12 Ala. 678; *Douglass v. Moody*, 80 Ala. 61; *West v. Hendrix*, 28 Ala. 226.

CLOPTON, J.—The bill, which is filed by appellant, alleges that the deed executed by him to appellee, February 17, 1883, was intended and received solely as a security or mortgage for the payment of three hundred dollars, with twenty per-centum interest thereon; and seeks to have the amount due ascertained, an account of the rents taken, and that complainant be allowed to redeem the land in controversy. The bill further alleges, that the debt originated in transactions commencing in 1878, and continuing to the time of making the deed, which consisted of purchases of goods and merchandise from the defendant, for which he charged exorbitant prices, and usurious interest; and that on February 17, 1883, the defendant claiming that complainant was indebted to him on account of these transactions in the sum of three hundred dollars, he executed to the defendant a conveyance of the land, absolute in form, to secure the payment of the same; and that on the same day, and as part of the same transaction, the defendant executed to him "a certificate of some sort, to the effect, that the defendant

would deed back, and allow your orator to redeem said lands, at any time within five years, upon your orator paying to the defendant the sum of three hundred dollars aforesaid; that said transaction was a security to the defendant of the said alleged debt claimed by him of your orator." The instrument, which the proof shows was in fact executed by defendant, is as follows: "This is to certify that I agree to sell and deed to George Perdue, for the sum of three hundred dollars, any time during the lease of the said 'Perdue Place,' leased to him for the term of five years, said rent to cease when the purchase is made and executed. I hereby bind my heirs and representatives, for the payment of three hundred dollars, to make, or cause to be made to George Perdue, his heirs and representatives, the deed to said land." This instrument, though informally drawn, is, in legal effect, an agreement to sell and to make title on payment of the stipulated sum, at any time within the stipulated period. The deed and the separate instrument, when construed as a single transaction, import a sale of the land by the complainant to the defendant, with a reservation of the right to re-purchase. It is apparent that there is a material variance between the effect of the certificate alleged in the bill to have been made by the defendant, and of the instrument proved.

The claim is, that though the instrument expresses in terms an agreement to re-sell, and to make titles on the re-purchase being completed, it was intended and understood that the deed should operate as a security or mortgage for the payment of the sum recited therein as the consideration price of the land. Without deciding whether the variance should be regarded as fatal, and pretermitting the question, whether parol evidence is admissible to vary the legal import of the express terms of the written instruments, we will, for the purposes of this case, give the complainant the benefit of all reasonable inferences from the facts and circumstances established by the proof; with the observation, that the evidence must reasonably and satisfactorily show that a mortgage was intended by both parties; otherwise, the written instruments will be allowed to have the effect which their express terms import. It is incumbent on the complainant to overcome the presumption arising from the writings.

In the examination of the evidence, the inquiries of controlling interest are, in a case like the present, whether the relation of debtor and creditor existed, before, and at the time of the transaction; and whether the relation was con-

[Perdue v. Bell ]

tinued by a continuing debt, for the payment of which the complainant was liable, and which the defendant could have enforced by action.  A continuing liability, antecedent or cotemporaneously contracted, is essential to the creation of a mortgage, though the relation of debtor and creditor may have existed before, and at the time of the transaction.  A discussion of the evidence in detail, which is somewhat voluminous and conflicting in material respects, is unnecessary.  We have given credence to the oral evidence which is sustained and corroborated by the undisputed facts, and is consistent with the written instruments.  A statement of the conclusions reached will suffice.

While it is undisputed, that defendant and N. J. Bell & Co., of which firm he is a member, had made advances to complainant from year to year, for several years prior to the transaction, and that to secure the advances a mortgage was taken each year, it is also undisputed, that the indebtedness thus created was paid in full, and all the mortgages satisfied before the execution of the deed; the last of the series of mortgages, which was executed in February, 1881, having been satisfied in February, 1882.  As to the payment of this antecedent indebtedness, and the satisfaction of the mortgages, the testimony of the complainant and defendant harmonizes.  The previous dealings, therefore, do not, and can not, shed any light upon the character of the transaction which occurred several months subsequently.

In February, 1882, complainant borrowed from S. C. Marks money, for which he gave his bill of exchange for five hundred dollars, payable October 1, 1882, and, to secure the same, executed a mortgage, which embraced the land in controversy.  With the money thus borrowed, the mortgage of February, 1881, was satisfied. About the time this money was borrowed, N. J. Bell & Co. gave complainant a writing, stating that if he paid his account with Marks, with the exception of two hundred dollars, they would pay such balance for him, if he so desired, and would furnish him goods at cash prices, with interest.  Marks transferred the mortgage and debt secured thereby, to N. J. Bell & Co., in March, 1882.  This mortgage debt was unpaid at the time of the transaction, and by virtue thereof, the relation of debtor and creditor then existed.  For the purpose of paying the Marks mortgage debt, complainant, February 17, 1883, sold to the defendant the lands conveyed by the deed of that date, for the sum of three hundred dollars, with an agreement to

[Perduc v. Bell.]

lease it for five years, and on condition that defendant would
sign the separate instrument above copied.   The purchase-
money of the land was applied in ·part payment of the Marks
mortgage, and for the balance the defendant gave another
mortgage on personal property, and the Marks mortgage was
delivered to complainant.   On these facts, the mortgage debt
was paid and satisfied, and the defendant was discharged
from any further liability as to the sum agreed to be paid
for the land.   This conclusion is supported by the fact, that
no note or other obligation was given by complainant, for
any portion of the amount due on the Marks mortgage, ex-
cept for the amount in excess of the purchase-money of the
land.   Though the fact that no note was given is not con-
clusive, it is a strong circumstance, the value of which
depends upon all the facts and circumstances with which it
is connected; and it becomes convincing, when considered in
connection with the facts, that the Marks mortgage was de-
livered up, and that complainant gave a new mortgage on
other property, to secure only the balance due in excess of
the three hundred dollars paid for the land.

The witnesses greatly vary in their estimates of the
value of the land; but, on the whole evidence relating to
this, we do not regard the disparity between the value of the
property and the consideration passed for it, so great that it
should be allowed to control the written instruments, and
overcome the effects and consequence of all the other facts
and circumstances.   Our conclusion is, from the oral evi-
dence, in connection with the deed and separate instrument,
that the three hundred dollars recited in the deed as the
consideration was not a continuing liability, the payment of
which is the payment stipulated in the separate instrument
on which the complainant states in his testimony he relies,
without attempting to establish any extrinsic agreement,
other than as may be collected from the facts and circum-
stances.

We concur with the chancellor, that the complainant has
failed to establish a case which entitles him to relief.

Affirmed.