[Adams v. Pilcher.]

# Adams *v.* Pilcher.

*Bill in Equity to have Absolute Conveyance declared Mortgage, and for Redemption.*

1. *Declaring absolute conveyance to be mortgage.*—A conveyance absolute on its face may, in a court of equity, be declared a morgage, only, on evidence clear and convincing that such was the intention and understanding of the parties at the time; but, where the evidence shows, as here, that on application by the debtor for an extension of time, on his notes secured by mortgage, two of his notes were surrendered, no new note taken, and a conveyance executed, absolute in form, for a part of the land covered by the mortgage, the value of which was not greatly in excess of the amount due on the two notes,. such relief will not be granted.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by the appellees, W. C..and B. R. Pilcher, against appellants, Lucy Adams, her husband, one Brooks, and one Farley; and sought to have a conveyance, absolute in form, declared a mortgage; and that they be let in to redeem the lands therein conveyed. The facts, as disclosed by the bill and answers and interrogatories, may be summarized as follows. The said complainants were indebted to the respondent, Lucy Adams, as evidenced by three promissory notes, one for $500 due February 1, 1888; one due January 1, 1889, for $600, one due January 1, 1890, for $600. These notes had been secured by a mortgage on certain property belonging to the complainants. On the 14th day of January, 1889, the two first notes above mentioned being due and unpaid, the respondent, Lucy Adams, through her husband,. sought the payment of them; the makers, complainants in this suit, sought an extension of time. Upon the mortgagee refusing to give them the desired extension, they thereupon, on that day, made a deed, absolute in form, conveying to them two lots in the town of Dothan, upon the recited consideration of $1150, one of the lots, the "Pilcher Hotel lot," being estimated to be worth $1000, and the other $150. At the time of the execution of this conveyance, there was a parol agreement, in which it was agreed, that if the complainants here, grantors in that conveyance, paid the said Lucy Adams, the sum of $1000, with 15 per cent. interest, from the date of the deed to the day of repurchase, within, complainants contend,.

[Adams v. Pilcher.]

60 days, defendants aver within 30 days, they, the grantors' would have the right to repurchase the property. This payment was not made within 30 days; but a tender of the amount was made before the expiration of the sixty days. The said Lucy Adams sold the lot in controversy, the "Pilcher Hotel lot," to the defendant Brooks, for $1150; and afterwards transferred the other note, before its maturity, together with the mortgage, to the defendant Farley; and this last note was subsequently paid by the complainants, and the note and mortgage turned over to them. It was shown by the defendants, that at the time the deed conveying the property, above mentioned, was made, they indorsed a credit on the mortgage of complainants of $1100—the balance of the purchase-money being applied as a credit on another note, separate from those involved here. The complainants contend that, at the time of the execution of the deed, it was agreed that the said deed should be considered as a mortgage so far as concerned the "Pilcher Hotel lot;" and, therefore, pray that the said deed, though absolute in form, be declared a mortgage, and that they be let in to redeem. On final hearing of the proof and pleadings, the Chancellor decreed that the complainants were entitled to the relief prayed; and from this decree the present appeal is taken, and the same is assigned as error.

J. G. COWAN, for appellants, cited *Vincent v. Walker*, 86 Ala. 333; *Douglass v. Moody*, 80 Ala. 61; *Mitchell v. Wellman*, 80 Ala. 16; *Knaus v. Dreher*, 84 Ala. 319; *West v. Hendrix*, 28 Ala. 226; *McKinstry v. Conly*, 12 Ala. 678; *Robinson v. Farrelly*, 16 Ala. 472.

J. W. FOSTER, contra, cited *Mitchell v. Wellman*, 8 Ala. 16; *Turner v. Wilkinson*, 72 Ala. 361; *Eiland v. Radford*, 7 Ala. 374; Jones on Mortgages, § 258.

COLEMAN, J.—A conveyance absolute in terms may be shown by parol evidence to have been intended as a security for a debt. A sale absolute, with a right to repurchase for a given sum, within a specified time, may also be shown by parol to have been intended by the parties as a mortgage. It matters not what form the transaction may have taken, if, in fact, it was intended as a security for a debt, in a court of equity it must be so considered.—*Robinson v. Farrelly*, 16 Ala. 476.

In either case, to have such an instrument declared a mortgage, the proof must be clear and convincing, that at the time

[Adams v. Pilcher.]

of the execution of the instrument such was the understanding
of the contracting parties. If the parties intended a sale,
whether in payment of an antecedent debt, or a present con-
sideration paid, with the right to repurchase within a specified
time, and for an agreed price, the purchaser becomes the
owner of the property, and the vendor, of the right to repur-
chase if he sees proper to do so. No obligation rest upon the
grantor to exercise the right; it is optional whether he will or
not. If he declines to do so, the vendee has no cause of action
against him—either by reason of money paid, or for the debt
satisfied by the conveyance.

If there remains in the vendee a cause of action for the
money paid, or in the other case, for the antecedent debt, this
will determine the transaction to have been intended as a
mortgage, and not an absolute conveyance. It is not left
optional with the grantor to determine whether he owes a
debt to the grantee or not, and by his election to owe the debt,
to the grantee, convert a sale with the right of repurchase into
a mortgage. His power to elect to repurchase or redeem
exists only where there is a sale with the right to repurchase.
If a mortgage was intended by the parties the debt exists,
whether he consents or not, and the mortgagee has the same
legal authority to enforce the instrument as a mortgage, as the
grantor to have the instrument declared a mortgage.

There is no conflict in the case of *Turner v. Wilkinson*, 72
Ala. 364, and the case of *Tisdale v. Maxwell*, 58 Ala. 42, as
supposed by the learned chancellor. The authorities are uni-
form on these questions.—*Perdue v. Bell*, 83 Ala. 398; 81
Ala. 579; 65 Ala. 382; 72 Ala. and 58 Ala., *supra; Robinson
v. Farrally*, 16 Ala. 475.

Whether parol evidence is admissible to show that an abso-
lute conveyance was intended as a conditional sale only, or
that there was a parol contemporaneous agreement giving to
complainants the right to repurchase, does not arise. The
only real question, raised by the facts in this case is, whether
the two notes—one for six hundred dollars and one for five
hundred—were paid by the conveyance of the Pilcher Hotel
property; or whether the debt was simply extended for
sixty days, and the deed executed was intended as a secu-
rity for its payment. These two notes, with a third, were
secured by a mortgage on the Pilcher Hotel property, and
some other property. It has been held that the omission to
take a covenant as the evidence of a debt, is a strong circum-
stance to show that the conveyance was intended as a sale and
not a mortgage.—83 Ala. 400, *supra;* 16 Ala. 478, *supra.*
How much stronger then must the circumstances be, if the
notes, the evidence of the existing debt, are given up to the

[Luffboro v. Foster.]

debtor at the time, and no other evidences of debt taken in their place, and the mortgage is credited with their aggregate amount, as was done in this case. If only a mortgage was intended by the deed, what purpose did the parties have in view to be accomplished? The grantee already held a valid mortgage from the grantors on this property to secure these notes, and the giving of an absolute deed, if intended as a mortgage, was entirely superfluous.

The agreement, as detailed by the witness R. Pilcher, very nearly corresponds with that given by Adams, and tends strongly to show that the transaction was a sale with the right to repurchase. The testimony of Adams and Brooks, corroborated by other facts, has not been clearly and satisfactorily overcome by complainant's proof. Some eight or ten witnesses place the value of the property at from $1300 to $1600, and about as many at $1000 to $1200; and perhaps the number on both sides could have been indefinitely increased. Adams did not sell the property, estimated on a cash basis, for more than it was valued in the sale to him. There is not sufficient disparity in the value of the property and what was paid for it, to raise any presumption that the instrument was intended as a mortgage, and not as a deed.

The testimony in some respects is conflicting, but after due consideration of it all, we hold, it is not of that clear and convincing character required by the rules and principles of law applicable in such cases, to sustain the decree of the court below, granting relief to the complainants.

A decree will be here rendered reversing and dismissing complainant's bill.

Reversed and rendered.

