| 98 | 511 |
| 108 | 537 |

# Ingram *v.* Illges, Adm'r.

### *Bill in Equity to Foreclose Mortgage.*

1. *Latent equity, burden of proof.*—In a proceeding by a mortgagee to foreclose his mortgage on lands occupied by the mortgagor and his wife, and it is sought to show that the mortgaged property belonged to the wife, having been purchased with her money, the burden is upon the party asserting that fact to prove it—being purely defensive matter.

2. *Oral declarations received with caution.*—The alleged declarations of the purchaser of land, that he was buying it for his wife, and that she was furnishing the money, testified to ten years afterward, are of a species of evidence, which all courts receive with great caution, which caution increases with the lapse of time since the alleged declarations, and no fact being shown to impress them particularly upon the memory of the witness

3. *Deed, in equity may be shown to be a mortgage; and, vice versa.* The grantee of a deed absolute on its face, may, in a court of equity, have it declared a mortgage, as the grantor may show that such deed is not what it purports to be. In such case it must be shown that the agreement, that the deed should operate as a mortgage was contemporoneous with its execution; or, if subsequent, it was upon a new consideration; and, the proof must be clear and convincing.

APPEAL from Russell Chancery Court.

Heard before the Hon. JOHN A. FOSTER.

This was a bill filed on Sept. 25th, 1891, by Charles E. Ingram, to foreclose a mortgage executed to him by C. L. Heard, and his wife, Katie, on a house and lot in the town of Hatchechubbee, Russell county, given to secure a joint note executed by them to the complainant. At the time the bill was filed, both said C. L. Heard and his wife, had died. Charles R. Illges, the administrator of Katie Heard, the heirs-at-law of said C. L. Heard, and the partnership of Garrett & Sons, who claimed some interest in the property, were made parties defendants. At the time of the execution of the mortgage to complainant, the said Heard and wife lived together on the premises sought to be foreclosed, which were bought by said C. L. Heard, in 1883, from one L. Margolius, the purchase-money for which had all been paid, but no deed had been executed to the purchaser.

In May, 1888, while the mortgagors occupied the premises, the mortgage to complainant was given for the purpose of getting family supplies, which were actually supplied to the mortgagors, most of them on the personal order of the wife.

[Ingram v. Illges, Adm'r.]

The defendants, Garrett & Sons, answered, making their answer a cross-bill, setting up a balance due said partnership on a prior indebtedness from C. L. Heard, secured by a mortgage, (though in form, a deed) upon this property, which they pray may be foreclosed and their debt be first satisfied out of the proceeds.

C. R. Illges, as adm'r of Katie Heard, dec'd, defends by answer, seeking to show that the mortgaged property was the separate statutory estate of the wife, bought with the money received by her from her guardian. The evidence on the hearing, and the action of the Chancery Court, is shown in the opinion of this court. Garrett & Sons, appeal, assigning as error the decree rendered by the chancellor on their cross bill. The complainant, Ingram, appeals, assigning as errors. (1.) The decree rendered by the chancellor. (2.) The refusal of the chancellor to exclude the testimony of the witness, Margolius.

W. J. SAMFORD, for appellant, INGRAM.—1. Husband and wife living on land, with no paper title, the *possession* is the possession of the husband, and possession is *prima facie* evidence of title. Schouler's Husband & Wife, § 221. 2. There is no dispute as to the mortgage; none as to the *bona fides* of the debt. The mortgage, if property belonged to the husband, is valid; if property belonged to wife, then the mortgagee was a *bona fide* purchaser, for value, without notice of the wife's latent equity. 3. The testimony of Margolius, by which a latent equity in favor of the wife was sought to be set up, was incompetent, illegal and irrelevant. 4. A trust in land cannot be created by parol. 5. The evidence of Margolius was in conflict with that of Brinson, and the burden is on appellee. Besides, the husband and wife, by their act in mortgaging the property as *the homestead of the husband*, corroborate Brinson.

THORNTON & MCMICHAEL, and J. M. CHILTON, for appellants, GARRETT & SONS. (No briefs.)

L. W. MARTIN, for appellees.

STONE, C. J.—The original and amended bills were filed by the appellant, Ingram, to foreclose a mortgage on a lot in Hatchechubbee, Ala., executed on the 1st day of May, 1888, by C. L. Heard and wife, to secure the payment of their joint and several bill single, for the sum of two hundred dollars, payable October 1st, 1888, and any advances made them dur-

[Ingram v. Illges, Adm'r.]

ing the current year. The cross-bill was filed by the appel-
lants Garrett & Sons, alleging, in substance, that a convey-
ance of the lot executed by Heard and wife, on the 22d day
of May, 1887, to I. S. Garrett, though in form absolute, was
intended as a mortgage ; but that there was of the debt in-
tended to be secured an unpaid balance, which was due and
owing to the partnership of Garrett & Sons, of which the
grantee, I. S. Garrett, was a member, and praying a fore-
closure. Each of these conveyances was acknowledged by
the wife in the form required to convey the homestead. The
defense interposed is, that the lot, the subject of the convey-
ance, and of the mortgage, was the separate estate of the
wife, the debts were the debts of the husband, and she had
not capacity to mortgage them for the security of the debts
of the husband. On the hearing, the pleadings and evi-
dence, the chancellor was of the opinion the evidence sus-
tained all the defense, and rendered a decree dismissing the
bill, from which these appeals are taken.

The theory of the defense was, that the lot was purchased
with the moneys of the wife ; or, if not purchased with her
moneys, but with the money of the husband, he intended an
investment for her, to reimburse money of hers he had in-
vested to his own use. This is matter strictly and purely
defensive, the burden of proving which rests upon the party
asserting it. The burden of proving a disputed fact, in all
cases, rests upon the party asserting its existence, and claim-
ing to derive right and benefit from it. And if the evidence
in reference to it does not preponderate in favor of its exist-
ence, the party must fail for want of proof.—*Lehman v.
McQueen*, 65 Ala. 570. The legal title to the lot resides in
the appellee, Margolius, but it is admitted that he sold the
lot to the husband, receiving from him full payment of the
purchase-money. Nor is it matter of dispute that the hus-
band on the purchase entered into possession, and made
valuable improvements, converting the lot into a homestead
for himself and family. It is shown by the evidence of
Brinson, in whose service the husband was engaged at the
time of the purchase of the lot, that he loaned him the money
to pay the purchase-money ; and that subsequently he and
Ingram loaned or advanced him the greater part of the
money to pay for the improvements. It does not appear
that, subsequent to the marriage, the wife had exceeding
one hundred and seventy-five dollars in money, and this was
more than two years prior to the purchase of the lot ; and
it is not shown that any part of this sum ever passed into
the possession, or under the control of the husband, except

33-98

as it may be matter of inference from the declarations he is said to have made to the vendor, Margolius, at the time of the purchase of the lot. These declarations as testified to by Margolius, near ten years after they were made, are, that the husband said he was making the purchase for his wife, and that she was furnishing the money. The testimony of Brinson is direct and positive to the specific facts, that he loaned the husband, on his own credit, the money with which the purchase-money of the lot was paid ; and that he and Ingram loaned or advanced him the greater part of the money used in making the improvements. If the purchase-money was loaned by Brinson, it could not have been furnished by the wife, as these verbal declarations import. These declarations are of a species of evidence, which, for obvious reasons, in all courts, are received with great caution ; and the caution necessarily increases, when, as in this case, there is such a lapse of time betweeen their utterance and the attempted proof of them, no fact being shown to impress them particularly on the memory of the witness.—1 Greenl. Ev. § 200 ; *Garrett v. Garrett,* 29 Ala. 439 ; *Wittick v. Keiffer,* 31 Ala. 199. We do not think the evidence of these declarations should be considered as outweighing the evidence of Brinson, direct and positive to the specific facts that he loaned the husband, on his own credit, the money with which the purchase-money of the lot was paid ; and that he and Ingram loaned or advanced him the greater part of the money with which the improvements were made. The claim of the personal representative of the wife, that the lot was her separate estate, fails for the want of evidence to support it.

It is true that the grantee of the deed, which is absolute on its face, may, in a court of equity, have it declared a mortgage, and as a mortgage foreclose it. In such case, the same rule applies, which is applied when the grantor asserts that such deed is not as it purports to be, an absolute conveyance. It must be shown that the agreement that the conveyance should operate as a mortgage was contemporaneous with its execution ; or, if subsequent, that it was supported by some new consideration. And the proof of the agreement must be clear and convincing.—*Bryan v. Cowart,* 21 Ala. 92. We do not find in the record evidence to support the allegations of the cross-bill in this respect. It may be, the answer of the personal representative of the wife is susceptible of being construed as admitting the deed was intended as a mortgage. However that may be, the answer is not evidence against the infant defendants, her heirs, and

the heirs of her husband. There is, therefore, no error in the decree of the dismissal of the cross-bill, and in this respect the decree of the chancellor must be affirmed.

The absolute conveyance, though prior in point of time to the mortgage to the appellant, was not interposed as a bar to the relief sought by the original and amended bills. On the contrary, it was agreed between the parties, the appellant and the complainants in the cross-bill, that the mortgage to the appellant was entitled to foreclosure. The debts secured by the mortgage are the debts of the husband, though the wife joined him in the execution of the bill single. The mortgage is properly executed and acknowledged to convey the homestead, and is a valid, subsisting security for the debts.

The result is the decree of the chancellor on the original and amended bills must be reversed, and a decree here rendered granting appropriate relief to the appellant Ingram.

It is referred to the register to take the proper account, showing the amount due complainant, including interest until the coming in of the report. All other questions are reserved for decision by the chancellor.

Reversed and rendered.