258 So.2d 889

**Paschel Q. SATTERFIELD and Alma L. Satterfield**

v.

**Chester L. SATTERFIELD and Ozell Satterfield.**

**7 Div. 903.**

Supreme Court of Alabama.

March 2, 1972.

Ronald P. Thompson, Albertville, for appellants.

No brief from appellees.

MADDOX, Justice.

This appeal involves a dispute between two brothers over the ownership of a 20-acre tract of land. Their disagreement lead to this lawsuit in which the appellants, Paschel and Alma Satterfield, husband and wife, sought to have a deed, conveying the disputed tract, given by them to Chester and Ozell Satterfield, husband and wife, declared to be a mortgage.

The facts are conflicting, as they usually are in actions such as this. The evidence was taken before the Register of the Circuit Court of DeKalb County, apparently pursuant to an order of the trial court, though such does not appear in the record. The trial court, upon an examination of the facts,[1] found that the deed given by Paschel and wife to Chester and wife was an absolute conveyance. Paschel and wife appeal from the decree of the trial court making this finding.

Briefly stated, the facts are that Paschel and wife owned a 60-acre tract of land in DeKalb County, in which they had previously executed a mortgage to secure the payment of notes given by them to a man named Young. There is evidence to indicate that Young was preparing to foreclose on his mortgage in early 1961, and Chester, (Paschel's brother, and one of the appellees) borrowed money from the bank to pay Young the sum of $2222. After the Young mortgage was satisfied, Paschel and wife executed a mortgage in the sum of $4700 to the Federal Land Bank on the entire 60-acre tract. Soon after the execution of the mortgage to the Federal Land Bank, Paschel and his wife went with Chester and his wife to a local Justice of the Peace who prepared the deed of conveyance in question here. The recited consideration in the deed was $2500.

The deed was executed on July 15, 1961, but was not filed in the Probate Judge's office until March 7, 1969, almost eight years later. After giving the deed to his brother and wife, the evidence is undisputed that Paschel continued to file for Federal Soil Bank benefits and list himself as the owner of the entire 60-acre tract. Paschel also continued to pay the taxes on the property.

The contention of each brother is as follows:

Paschel contends that at the time his creditor, Young, was pressing him for payment, he was going to sell a portion of his farm, but Chester encouraged him not to sell and told him he would lend him the money to pay off Young and thereby make Paschel eligible to get a Federal Land Bank loan. Paschel admits that Chester paid off the Young notes and that he got the Federal Land Bank loan, but says that the deed to the 20-acre tract which he and his wife gave was to be security to Chester and his wife until he could repay Chester. Paschel says that Chester borrowed $2000 from another brother, Cecil Satterfield, which Cecil confirmed, and which Cecil testified he understood was "to help Paschel." Paschel claims he was to repay by giving to Chester one-half of the Soil Bank payments each year until the entire amount was repaid. He claimed that he had already repaid approximately $1700 at time of suit, and he offered, in his complaint, to pay the remainder due, as determined by the court, with interest and penalties, if any. Paschel further said that the fair market value of the 20-acre tract was approximately $4000 at the time the deed was given, which he says is evidence that the deed was intended to be a mortgage.

Chester's side is that the deed was an absolute deed of conveyance. He said that Paschel was about to lose his land and that Paschel could not get a loan from the Federal Land Bank on the 40 acres and that he agreed with Paschel that Paschel could

---

1. The note of testimony indicates the cause was submitted upon the testimony of several witnesses, several exhibits and the answer of the respondents. The testimony taken before the Register was transcribed and apparently this is the testimony to which the note of submission refers.

make application for the entire 60 acres and he would get the money to pay off Young and thereby allow Paschel to give a mortgage on the entire 60 acres. He said that he agreed that Paschel could continue to receive the Soil Bank payments, but that he would get one-half of them, since he claimed that the 20-acre tract represented about one-half of the acreage under the Soil Bank program. Chester did admit that he and Paschel made an oral agreement in connection with the transaction, which indicated Paschel had some right to get the 20 acres back.

The agreement concerned Paschel's making repayment in five years. Chester testified:

"Q When you made this transaction was anything said about it being a mortgage?

"A No.

"Q Anything said about him supposed to pay you back, any time back down the line?

"A No, after I bought the 20 acres from Paschel, after the transaction was made, I told Paschel if he would straighten up and get him a job and go to work, and pay for the place I would let him have it back in five years if he would pay me my money, the money I had invested.

"A Did he ever pay on it?

"A No"

Chester claimed the amount he paid Paschel for the 20 acres was the fair market value of the land at the time the deed was given.

In early 1969, Paschel offered to pay Chester all the money he owed him and get the deed back. Chester refused. In 1969, the Soil Bank office was notified for the first time of Chester's deed to the 20 acres. The deed was filed in the Probate Office on March 7, 1969 and the lawsuit was filed on May 16, 1969.

The measure of proof required in a case of this nature has been stated clearly in Reeves v. Abercrombie, 108 Ala. 535, 19 So. 41 (1895), where this Court said:

"The burden is upon the complainant to establish the averments of his bill by 'clear and convincing,' or, as has been otherwise expressed, by 'strong and stringent, evidence.' 'It is not sufficient to raise a suspicion or doubt as to whether the instrument which the parties have adopted as the evidence of their agreement correctly states the contract. The court must be satisfied by, at least, a clear preponderance of proof that a mortgage, and not an absolute sale, was intended.' Brantley v. West, 27 Ala. 542. Such must have been the clear and certain intention and understanding of the grantee, as well as of the grantor. West v. Hendrix, 28 Ala. 226; Adams v. Pilcher, 92 Ala. 474, 8 So. 757. No more striking proof of the steady adherence by this court to these rules can be afforded than a reference to the numerous cases in which complainants have failed to secure favorable decrees upon bills filed to have absolute conveyances declared to be mortgages. Ingram v. Illges, 98 Ala. 511, 13 So. 548; Adams v. Pilcher, 92 Ala. 474, 8 So. 757; Downing v. [Woodstock] Iron Co., 93 Ala. 262, 9 So. 177; Vincent v. Walker, 86 Ala. 333, 5 So. 465; Knaus v. Dreher, 84 Ala. 319, 4 So. 287; Perdue v. Bell, 83 Ala. 396, 3 So. 698; Douglass v. Moody, 80 Ala. 61; Mitchell v. Wellman, [80 Ala.] 16; Logwood v. Hussey, 60 Ala. 417; Haynie v. Robertson, 58 Ala. 37; Peeples v. Stolla, 57 Ala. 53; Phillips v. Croft, 42 Ala. 477; Swift v. Swift, 36 Ala. 147; Pearson v. Seay, 35 Ala. 612; Sewell v. Price's, Adm'r, 32 Ala. 97; Harris v. Miller, 30 Ala. 221; West v. Hendrix, 28 Ala. 226; Brantley v. West, 27 Ala. 542; Bryan v. Cowart, 21 Ala. 92; Chapman v. Hughes, 14 Ala. 218; Freeman v. Baldwin, 13 Ala. 246; McKinstry v. Conly, 12 Ala. 678; Eiland v. Radford, 7 Ala. 724."

While it is difficult to lay down decisive rules with mathematical accuracy, for the determination in any particular case, wheth-

er clear and convincing proof has been adduced, we do not find that the trial court erroneously determined that the burden was not met in this case.

The facts here are somewhat similar to those in Mitchell v. Wellman, 80 Ala. 16 (1885). In *Mitchell,* the complainants had executed an unconditional conveyance of land to the defendant and the defendant had contemporaneously executed a separate instrument, granting complainants the right to repurchase within a specified time, upon payment of a certain sum. The complainants, having failed to make payment within the time specified, brought an action to have the instruments declared a mortgage, and to redeem. Even though the proof requirement in a situation involving a conditional sale is not as stringent, the complainants in *Mitchell,* supra, lost, the main reason being that the evidence did not show that the transaction commenced in a proposition to borrow money and that there was no subsisting or continuing debt. In the appeal before us, the evidence shows that there was an oral agreement made to reconvey to Paschel in five years. It is not shown that this agreement was made *contemporaneous with the execution of the deed,* thereby affording to complainants a less stringent measure of proof. In Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670 (1953) there is an exhaustive treatment of the law relative to suits of this nature. We see no useful purpose would be served by restating the numerous principles already stated with such clarity in that opinion.

The burden of proof was upon the complainants to show that the conveyance, whether conditional or unconditional, was intended to be a mortgage. The trial court found that the complainants failed to meet this burden. After reading the record, we are in accord with the trial court's conclusions. It is due to be affirmed.

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.