ALMON, Justice.*
This case involves a bitter dispute between family members over the ownership of property. Their disagreement led to this lawsuit in which the appellees, Kathryn McDonald and her seven children, sought to have a deed conveying the residence of Kathryn McDonald and her deceased husband, Fred McDonald, to Lois McDonald Lee, declared to be a mortgage. Lois McDonald Lee and D. C. Lee are appellants.
D. C. Lee, son-in-law of Kathryn and Fred McDonald, Sr., and husband of Lois McDonald Lee, testified that he paid a hospital bill of Kathryn McDonald’s in the amount of $3,609.95 in 1966. He paid the bill because he happened to have the money at the time but he testified that he did not consider it to be a loan. He later billed the rest of the McDonald children for their share.
On March 4, 1968, Kathryn McDonald and her now deceased husband, Fred McDonald, unconditionally conveyed their residence to their daughter, Lois McDonald Lee, for a consideration of one dollar. D. C. Lee testified that he was not present at the signing of the deed and did not even know about the conveyance until several weeks later when Lois decided to mortgage the property.
Appellees filed their complaint on July 16, 1974, seeking to have the deed set aside and alleging the following grounds: (1) a pre-existing debt was secured by the deed, and the deed should be construed to be a mortgage; (2) undue influence; and (3) fraud.
Appellants filed a motion to dismiss, which motion was denied, and filed their answer. The cause was heard on the merits on March 5,1975. At the close of appellees’ case, the appellants moved for a directed verdict, which motion was denied.
A judgment was entered on March 21, 1975, in which the court made the following findings of fact:
1. That appellee was hospitalized in 1966 and incurred medical bills in the amount of $3,609.00, which were paid by appellant;
2. That appellee and her late husband conveyed their homestead to appellant as security for the advances;
3. That such conveyance should be considered to be a mortgage, rather than a deed;
4. That since the execution and delivery of the deed to appellant, appellee and her late husband had repaid appellant for all sums expended in their behalf; and
5. That appellant, after securing a title to the property executed a first mortgage on the property in the amount of $6,400.00 and a second mortgage in the amount of $6,288.00.
The court ordered appellant to reconvey the property to appellee by warranty deed and to pay off two mortgages as the payments fell due.
On March 28, 1975, appellants filed a motion to amend the findings of fact and judgment. The motion was denied. Appellants have appealed the judgment to this court.
*409 Appellants allege that the court erred in finding that the deed should be considered a mortgage.
There is no question but that a court with equity jurisdiction has jurisdiction to entertain a complaint to have a deed declared a mortgage and to grant such relief. See Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670 (1953) for a thorough discussion of the principles of law governing cases of this kind.
The measure of proof required in a case of this nature was stated in Reeves v. Abercrombie, 108 Ala. 535, 19 So. 41 (1895) and was restated more recently in the case of Satterfield v. Satterfield, 288 Ala. 182, 184, 258 So.2d 889, 891 (1972):
“ ‘The burden is upon the complainant to establish the averments of his bill by “clear and convincing,” or, as has been otherwise expressed, by “strong and stringent, evidence.” “It is not sufficient to raise a suspicion or doubt as to whether the instrument which the parties have adopted as the evidence of their agreement correctly states the contract. The court must be satisfied by, at least, a clear preponderance of proof that a mortgage, and not an absolute sale, was intended.” Brantley v. West, 27 Ala. 542. Such must have been the clear and certain intention and understanding of the grantee, as well as of the grantor. West v. Hendrix, 28 Ala. 226; Adams v. Pilcher, 92 Ala. 474, 8 So. 757. No more striking proof of the steady adherence by this court to these rules can be afforded than a reference to the numerous cases in which complainants have failed to secure favorable decrees upon bills filed to have absolute conveyances declared to be mortgages. Ingram v. Illges, 98 Ala. 511, 13 So. 548; Adams v. Pilcher, 92 Ala. 474, 8 So. 757; Downing v. [Woodstock] Iron Co., 93 Ala. 262, 9 So. 177; Vincent v. Walker, 86 Ala. 333, 5 So. 465; Knaus v. Dreher, 84 Ala. 319, 4 So. 287; Perdue v. Bell, 83 Ala. 396, 3 So. 698; Douglass v. Moody, 80 Ala. 61; Mitchell v. Wellman, [80 Ala.] 16; Logwood v. Hussey, 60 Ala. 417; Haynie v. Robertson, 58 Ala. 37; Peeples v. Stolla, 57 Ala. 53; Phillips v. Croft, 42 Ala. 477; Swift v. Swift, 36 Ala. 147; Pearson v. Seay, 35 Ala. 612; Sewell v. Price’s, Adm’r, 32 Ala. 97; Harris v. Miller, 30 Ala. 221; West v. Hendrix, 28 Ala. 226; Brantley v. West, 27 Ala. 542; Bryan v. Cowart, 21 Ala. 92; Chapman v. Hughes, 14 Ala. 218; Freeman v. Baldwin, 13 Ala. 246; McKinstry v. Conly, 12 Ala. 678; Eiland v. Radford, 7 Ala. 724.’ ”
We think the trial court was erroneous in its conclusion that the burden was met in the instant case.
After reviewing the record in this cause, we do not find the requisite clear and convincing proof that a mortgage was intended instead of an absolute sale.
Part of Mrs. McDonald’s testimony was as follows:
“Q. I’ll ask you whether or not Mrs. Lee knew anything about this property reverting back to you and your husband after a certain period of time?
“A. Not that I know of.”
At no time did Kathryn McDonald testify that she intended the deed to operate as a mortgage. Her testimony at times was confusing and showed lack of memory, perhaps due to old age and failing health. The appellee’s burden was complicated by the fact that Fred McDonald, one of the grantors, was deceased at the time of trial. There was no evidence of his intent at the time the deed was executed.
Although several witnesses testified that they had seen a ledger upon which Mrs. McDonald kept a record of payments to her daughter, which were alleged to be in repayment of the hospital bill, there was little or no evidence that the conveyance of the property was in any way connected with these payments or with the hospital bills. From the evidence in the record, one could easily conclude that the conveyance was merely a gift of appreciation to a loving daughter. It is conclusive from the record that Mrs. Lee took more responsibility in caring for her aging parents than did the other children. For a number of years Mr. and Mrs. Lee brought groceries for and *410 looked after the affairs of Mrs. Lee’s parents. This continued after the death of Mr. McDonald and until the family dispute arose.
At least two witnesses, Keith McDonald and D. C. Lee, testified that D. C. Lee had divided the hospital bill pro rata so that each member of the family could repay his proportionate share of the bill to D. C. Lee. They both testified that one of the family members, Mrs. Margaret Fowler, had repaid her share. If the deed were merely meant to provide security for a debt, it would seem inconsistent for D. C. Lee to bill the other members of the family for payment of their share of the hospital bill.
Under our system of jurisprudence, a conveyance of property must conform to certain formalities in order to receive the protection of our courts. Once these formalities are met, a conveyance should not be set aside and declared to be a mortgage unless the evidence is clear and convincing. We conclude that appellees failed to meet this burden of proof.
We are aware that where evidence is taken ore tenus, there is a presumption of correctness in favor of the findings of the trial court which will not be disturbed unless palpably wrong. We have concluded, however, that after considering the evidence most favorable to appellees, it was insufficient as a matter of law to support the judgment.
REVERSED AND REMANDED.
HEFLIN, C. J., and BLOODWORTH, FAULKNER, EMBRY and BEATTY, JJ., concur.
MADDOX, J., with whom JONES and SHORES, JJ., concur; dissents.

 The writer of this opinion was not present at oral argument but has listened to the tape recording of that proceeding.