## Case No. 1,248.

### BELL et al. v. DAVIDSON.

### [3 Wash. C. C. 328.] [1]

Circuit Court, D. Pennsylvania. April Term, 1818.

COURTS—FEDERAL PRACTICE — STATE LAWS—EVIDENCE — ACCOUNTS — INTERROGATORIES—NEGOTIABLE INSTRUMENTS—LIABILITY OF DRAWER.

1. The laws of the several states, as to the practice and proceedings in their courts, are not obligatory on the courts of the United States; and therefore, the act of the assembly of Pennsylvania, of 2d January, 1815, [Laws Pa. p. 3, c. 4,] as to copies certified by a notary public, is not applicable in this court.

[See Craig v. Brown, Case No. 3,330.]

2. All proper interrogatories must be answered on both sides, or the deposition cannot be read. If the interrogatories are hypothetical, and in a certain event only are required to be answered, which event does not happen; or if they refer to records, which must speak for themselves; they need not be answered.

[See Dodge v. Israel, Case No. 3,952; Winthrop v. Union Ins. Co., Id. 17,901.]

3. If the defendant relies upon one side of the plaintiffs' account, to establish his claim, he admits, prima facie, the debit side of the account; provided it be composed of items, which, by the form of the action, may be recovered. If the form of action is not such, he may use the credits to defeat or diminish the credits claimed by the defendant, when one can legally be opposed to the other.

[See Morris v. Hurst, Case No. 9,832; Griffin v. Jeffers, Id. 5,817. Distinguished in U. S. v. Jones, 8 Pet. (33 U. S.) 383.]

4. If a bill of exchange be drawn by A, with directions to charge the amount thereof to B, and it is accepted generally, and paid, the drawer is not liable to the drawee; unless it appear that B was the agent of A, and the direction to charge the bill to him, was only to point out the fund from which the bill was to be paid.

At law. Action [by John Bell and others against Nathan Davidson] on fourteen bills

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

of exchange, amounting to £9918. 16s. 10d. sterling, drawn on the plaintiffs by the defendant, in favour of different persons, and paid by the plaintiffs for account of the defendant, in 1809. [Verdict for plaintiffs.]

The plaintiffs, established merchants in London, and as the agents and correspondents of the defendant, had large transactions with him, before the circumstances which gave rise to the present suit took place. In 1808, the defendant sent a vessel to Gibraltar, and other ports in Europe, under the care of Lewis R. Brown, with directions to remit the proceeds of the cargo to the plaintiffs. Two of the bills of exchange, each for one thousand pounds sterling, were drawn about the period this vessel sailed; and the plaintiffs were directed "to place them to the account of Lewis R. Brown." These bills were accepted generally, and when paid, were charged to the defendant, and to Lewis R. Brown. Lewis R. Brown remitted the proceeds of his cargo to the plaintiffs, and went to London; where he became intimate with the plaintiffs, had transactions with them, on his own account, and the plaintiffs opened an account in the name of Lewis R. Brown, and Nathan Davidson, in which charges were made, for moneys paid for the separate use of Brown and of Davidson; and moneys were credited, which were received from remittances made by Brown, for account of Davidson, as well as moneys paid by Brown from his own resources. Although an account, opened with Brown, stated a balance to be due to him from the plaintiffs, yet, it appeared, that this balance arose, from giving him credit for a note drawn by him in favour of the plaintiffs; which note was never negotiated by them, remained unpaid, and Brown was, therefore, and is still, a debtor to a large amount to the plaintiffs, on the close of accounts between him and them.

The defendant claimed a credit, for all sums which were received by the plaintiffs from Lewis R. Brown, and remittances made by him; these sums appearing to have been received, by accounts produced under notice to the plaintiffs, and which were returned with a commission issued to London. The right of the plaintiffs to charge him with the sums shown to have been paid by the same accounts, was denied; as it was stated, the defendant had not come prepared to examine these charges, the action being instituted on the bills of exchange only, and not on an account for money laid out and expended. Taking credit for those sums so shown to have been received, and deducting the two bills, for one thousand pounds each, which, having been drawn, as stated in them, "for account of Lewis R. Brown," were therefore alleged to have been paid for the account of Lewis R. Brown only; and excluding the sums charged in the same accounts, as paid by the plaintiffs; a balance would be due to the defendant. The accounts were intricate and involved; and sums which were char-

ged in some instances to Brown and Davidson, were afterwards charged to the separate accounts of both or one of them. It appeared, however, that advances had been made by the plaintiffs for insurances, and that the defendant and Lewis R. Brown were debtors to a considerable amount, before remittances were received from Lewis R. Brown or the defendant; and that the two bills, each of one thousand pounds, had been accepted by the plaintiffs before they received the remittances.

The defendant contended, that the two bills, each for £1000, having been drawn for account of Lewis R. Brown, and paid by the plaintiffs, were not to be charged to him; and cited Kyd, Bills, 97, and 5 Com. Dig. tit. "Merchant," F, 5. A bill drawn on account of a third person, and accepted for his account, if such third person fail in providing funds, the drawee who pays it has no claim on the drawer. If the drawee does not choose to accept a bill so drawn, he may protest it; and if he afterwards pay' it for the honour of the drawer, he may thus make the drawer liable. It was also claimed for the defendant, that the plaintiffs had no right to connect the defendant and Lewis R. Brown together in an account; and that the charges made in the accounts thus stated, were not evidence against the defendant, but the defendant might make use of the items credited in the accounts as evidence in his favour.

On the part of the plaintiffs, it was admitted, that if the two bills, each for £1000, had been accepted and paid for account of Lewis R. Brown, they could not be afterwards charged to the defendant; but that these bills were in fact drawn for the account of the plaintiffs, and that the direction to pay them for the account of Lewis R. Brown, was only given to designate the funds from which they were to be paid, which were the remittances to be made by Lewis R. Brown out of the defendant's property under his charge. The plaintiffs' counsel, to show that the direction to place a bill to the account of any one was of no consequence, and that the real state of the transactions would not be altered by such direction, cited Chitty on Bills, 55. The defendant, it was said, could not make use of the accounts produced by the plaintiffs, without admitting these accounts as prima facie evidence of the charges made against him in these accounts, he being at liberty to disprove these charges by evidence; and having offered no such evidence to the jury, these charges were to be considered as proved. It was also contended, that the plaintiffs had a right, when they received remittances and payments from Lewis R. Brown, to appropriate the amounts to the payment of advances made by them, on the principle of law which authorizes the payment of either of two accounts or debts due by the payer to the receiver, as the receiver may think proper to apply the same, unless particular directions to the contrary are given at the time of payment. The defendant had received the amount of the bills; and if they were drawn for the separate account of Lewis R. Brown, he might show the fact by his correspondence.

In the course of the trial, a copy of an account current, certified by a notary public "to be a true copy of an original account produced before him," was offered in evidence by the defendant, the plaintiff having failed to produce the original after notice, and his counsel declaring he had not the same. The act of the assembly of Pennsylvania, making the certificates of notaries evidence, was cited, in support of the claim to the admission of the paper. The court rejected the evidence, and adopted both the objections made by the plaintiffs' counsel.—First, that the court are not bound by any acts of the assembly of the state, regulating the mode of proof, but only by general laws. Second, that a copy of an original may be produced; but it must be sworn to be a copy, and not so certified. An objection was made to reading the examinations of witnesses taken under a commission to London; on the ground that all the interrogatories which accompanied the commission had not been put to the witnesses. The court stated, that it had been decided that each question must be put to every witness. The questions which accompany the commission are important to both parties, and other questions are frequently put, on the supposition that all will be answered. It appearing to the court that an answer by the witness to one of the interrogatories, which had not been put by the commissioners, would not have been legal evidence, the court allowed the examination of the witness who had answered the remaining interrogatories to be read.

J. R. Ingersoll, for plaintiffs.
Rawle & Tod, for defendant.

WASHINGTON, Circuit Justice, (charging jury.) This is a question of account, and the jury will not expect assistance from the court; they will examine the accounts, and form an opinion from them.

There are two or three questions on which the opinion of the court is required. First, as to credits claimed by the defendant, taken from the accounts of the plaintiffs, and the debits in those accounts. The principle of law is, that if the defendant is not prepared to prove credits, but relies for their proof on the plaintiff's account, the plaintiff can call on him to admit, prima facie, the debits; but it is competent to the defendant to show, by evidence, that the debits were not properly made. This applies in every case, in which a defendant makes use of credits in the plaintiff's account. The plaintiffs in this

case might have inserted money counts in their declaration; and if the defendant had availed himself of the account of the plaintiffs, the plaintiffs could say, you have admitted the debits, prima facie, and you must disprove them. This action is brought on bills of exchange, and the plaintiffs cannot recover on the debits in their account, and must recover on the bills. But if the defendant avail himself of the credits, the plaintiffs may bring in the debits of the account, the defendant having used the account to show debits.

Another question is, admitting that the debits are made out, can the defendant avail himself of them against the bills of exchange? It is a principle of law, that payments may be applied to any account, unless special directions are given for their application when they are made; and if, when the credits were given, there was an account between the parties other than the bills, they may be applied to that account. With respect to the £2000 and the £790, the jury must determine from the accounts. With respect to the two bills, for £1000 each, there is much difficulty as to facts, but none as to the principle of law; that if a bill is directed to be charged to a particular account, other than that of the drawer, and is paid, it is not to be charged to the drawer. But the jury have not all the evidence which might have been given, to show the actual state of the transaction, such, particularly, as the letters of the defendant to the plaintiffs. No evidence has been given, to show that the defendant was the agent of Lewis R. Brown to draw bills for him, and Brown may have been a principal in the transaction. The court will say, that if the bills were drawn, and Brown's name used only as the agent of the defendant, the general principle of law will not apply.

Verdict for $1,615.85.