## THOMPSON v. AYRES.

With the transcript of the proceedings at law, the clerk certifies a copy of a release of errors, as written on a bill in Chancery, filed in the same Court, for the purpose of obtaining an injunction, the release is part of the record, and judgement must be affirmed.

IN the Circuit Court of Madison county Ayres obtained an original attachment against Isaac Wells. Thompson being summoned as garnishee in the case, on his answer, judgement was rendered against him, and he sued out a writ of error to this Court. The clerk of the Circuit Court, after setting out a transcript of the record and proceedings on the attachment, states that, to enjoin the above judgement against John Thompson, the said garnishee, he filed his bill in said Circuit Court, in Chancery against said Samuel Ayres, and on said bill made and executed a release of errors at law, in the words following: "Know all men by these presents, that I, John Thompson, of Madison county, State of Alabama, do hereby release all errors at law, in the cause within named, and judgement enjoined. Witness my hand and seal,

this," &c. Below the copy of the release, follows the usual certificate of the clerk, authenticating the transcript.

THORNTON, for defendant in error, moved that the writ of error be dismissed, and the judgement affirmed.

BRANDON, for plaintiff in error, resisted the motion on the ground that the release is certified to have been made on the bill in Chancery, is no part of the record in the case at law, and that the record in this case only could be brought up by the present writ of error.

JUDGE CRENSHAW delivered the opinion of the Court.

WE are of opinion that the release as certified by the clerk, is to be considered a part of the record.

Writ of error dismissed, and judgement affirmed.