## SMITH ET AL. vs. PEARSON,

1.  An absolute bill of sale of a slave decreed to stand only as a mortgage, upon proof that the vendor was upwards of seventy years old,—infirm,—embarrassed,—his property levied on, and about to be sold,—and that the vendee, who was his son-in-law, took advantage of all these circumstances to make the transaction assume the form of an absolute sale instead of a mortgage.
2.  Equity will afford specific relief, such as a court of law cannot give, against an instrument which was executed on Sunday, but purporting on its face to

have been executed on Saturday, notwithstanding the instrument may also be void at law.

ERROR to the Chancery Court of Tallapoosa.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by James A. Pearson against Isaac Smith and Isaac T. Smith, the latter of whom died during the progress of the suit, and his administrators were thereupon made parties. It charges, in substance, that said Isaac Smith agreed to lend to complainant the sum of about $200, for the payment of which the latter agreed to mortgage three slaves ; that the money was advanced, but said Isaac T. Smith, who was the son of said Isaac, and the son-in-law of complainant, induced complainant, by false representations, and by imposing upon his ignorance and confidence, to believe that the proper way of arranging the matter was, to make an absolute bill of sale of the slaves, expressing therein the consideration of $600, and to let defendants give him their notes for the difference between that sum and the amount advanced by said Isaac ; that the transaction was accordingly arranged in this way ; that the bill of sale and the notes were both executed on Sunday, but, having been executed beforehand, purport to bear date on Saturday preceding. The prayer of the bill is for an account, redemption, and general relief.

The defendants answered, admitting the execution of the bill of sale and the note, insisting that the transaction was an absolute sale, and denying all fraud.

During the progress of the cause, the defendants moved to suppress the deposition of one Basil Adams, on the ground of improper conduct in the commissioner by whom it was taken ; but the motion was overruled, and this constitutes one of the assignments of error. It is unnecessary, however, to notice this motion more particularly, as the decision of the court expresses no opinion upon its merits. It is also unnecessary to state the evidence in detail, as the conclusions drawn by the court are general, and present no legal question.

On the hearing, the Chancellor held the bill of sale void for fraud, and decreed its cancellation ; also, that the $400 note should be cancelled ; that the defendants should have a lien, in

the nature of a mortgage, for the money actually advanced to complainant on the slaves ; and that the complainant might redeem the slaves on the payment of the amount due.

This decree is now assigned for error, together with other matters immaterial to an understanding of the points decided.

J. FALKNER, for plaintiffs in error, contended that the contract was void, because executed on Sunday (9 Porter 151 ; 5 Ala. 467 ; 9 *ib.* 198 ; Chitty on Contracts, p. 423 ; 5 Blackf. 111) ; that a void contract forms no cloud upon the title, and the party has his remedy at law (9 Ala. 198; 10 *ib.* 566); that if the contract is void, either at common law or by statute, it cannot be enforced by either party (5 Ala. 467 ; 10 *ib.* 811) ; and that the bill of sale was not a mortgage (7 Ala. 724 ; 14 *ib.* 281).

WHITE & PARSONS, *contra.*

GOLDTHWAITE, J.—It is unnecessary to consider the action of the Chancellor on the motion to suppress the deposition of Basil Adams, for the reason, that if his evidence is rejected, we all agree, upon a careful examination of the whole testimony, that the fraud of Isaac T. Smith is sufficiently established.

Neither do we consider the parties in this case as standing *in pari delicto.* The complainant is shown to have been upwards of seventy years of age,—infirm,—embarrassed,—his property levied upon, and about to be sold ; and the defendant, Isaac T. Smith, was taking advantage of these circumstances, and of the position he occupied towards him as his son-in-law, to make the transaction have the appearance of an absolute sale instead of a mortgage. The party seeking relief was not only acting under circumstances of imposition and undue influence, but also of pecuniary pressure.—2 Story's Eq. (3 edit.) § 695 a, and cases there cited.

It is urged, however, on the part of the plaintiff in error, that as the transaction was executed on Sunday, the party, for that reason, has his remedy at law. It is true, that, if the nullity of the instrument appeared upon its face, a court of chancery might refuse to interfere, where no discovery was sought, or

defect of proof averred (Gray v. Matthias, 5 Ves. 286; Franco v. Bolton, 3 Ves. 368 ); but this is not the case here. The bill of sale is dated on Saturday; the specific relief required is such as a court of law cannot give, and the instrument, from its very nature, and its apparant validity, is calculated to throw doubt upon the title. It is well settled, that equity, under these circumstances, will maintain its jurisdiction, and afford relief, notwithstanding the instrument may be void in law.—St. John v. St. John, 11 Ves. 535; Simpson v. Lord Howden, 3 M. & C.; Bromley v. Holland, 7 Ves. 16; Hamilton v. Cummings, 1 Johns. Ch. 520; Elliot v. Piersol, 6 Pet. 95.

It follows that there was no error in the decision, which is affirmed; the plaintifis in error paying the costs of this court.