HARRIS *vs.* MILLER.

30  221
108  538

30  221
131  491

[BILL IN EQUITY FOR REFORMATION OF BILL OF SALE INTO MORTGAGE, AND REDEMPTION.]

1. *Motion to suppress deposition for irregularities in execution of commission.*—A motion to suppress a deposition, in a chancery cause, on account of irregularities in the execution of the commission, should be made at the earliest convenient time after the publication of testimony.

2. *Failure of witness to answer interrogatory.*—The failure of a witness to make a substantial answer to a proper interrogatory, either in his answer to that particular interrogatory, or elsewhere in his deposition, is good ground for suppressing his deposition.

3. *Want of notice of taking deposition.*—When a deposition has been suppressed, because no notice of the time and place of the execution of the commission appears to have been given, a motion to reinstate it, predicated on a notice which does not comply with the terms of the order, may properly be overruled.

4. *When absolute bill of sale will be decreed a mortgage.*—To authorize a court of equity to decree that a bill of sale for a slave, absolute on its face, was intended as a mortgage or conditional sale, the proof must be clear, consistent, and convincing : the testimony of two witnesses, one of whom was the mother of the complainant, as to subsequent admissions by the defendant, is not sufficient to overcome the positive denial of the answer, and the presumption arising from the bill of sale itself.

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. JOHN FOSTER.

THIS bill was filed by John L. Harris against John D. Miller, seeking to have a bill of sale for a negro girl, which was absolute on its face, declared a mortgage, and for redemption under it. It alleged that, at the time this bill of sale was given, on the 10th October, 1851, plaintiff applied to defendant for a loan of $350, and executed the bill of sale to secure the repayment of the money; that it was expressly understood between them, at the time of the transaction, that the bill of sale was intended only as a mere security for the repayment of the money loaned, and that plaintiff should be allowed to redeem the slave on making such repayment; that plaintiff has since tendered back the money, with legal interest,

and demanded the slave, but defendant refused to deliver; and that the slave, at the time of the transaction, was worth much more than the amount so borrowed.

The defendant answered the bill, denying all its material allegations, and insisting that the transaction was an absolute sale, unaccompanied by any loan, condition, or parol agreement whatever.

The plaintiff took the depositions of Nathan and Jane Harris, who were his father and mother; R. R. Harris, who was his brother, and one of the subscribing witnesses to the bill of sale; and' of R. M. Swan, Oliver Miller, J. G. Crouch, and M. A. Burnett. Mrs. Harris testified as follows: "When defendant came for the negro girl Mary, he told me that she should come back into the family, in the course of eighteen months or two years, if he got his money back; and he also said, that he had promised the doctor and John the same thing,—meaning Dr. Nathan Harris and complainant." Said Swan testified, that he was the commissioner by whom the first deposition of Nathan Harris was taken; that defendant and Mrs. Jane Harris were present at the taking of said deposition; "that much was said by and between the said parties, respecting conditions in the contract, outside of the bill of sale; that the most Miller said was in answer to what Dr. Nathan Harris would say"; "that Dr. Harris contended that the sale, or contract, was conditional, and not absolute; that Miller did not directly admit or deny this, but seemed to rely on his bill of sale; that Dr. Harris would refer to circumstances to show that the contract was conditional, while Miller would at all times refer to his bill of sale, and say that it was absolute on its face; that one circumstance to which Dr. Harris referred, as showing that the contract was conditional, was the fact that the price paid was less than her value, and Miller agreed that the price was somewhat small"; and that he does not recollect particularly all the conversation which then took place between the parties. The deposition of Dr. Nathan Harris, which was twice taken, was suppressed by the chancellor; and, since his action is here affirmed, it is not necessary to state the facts to which the

witness testified. The other witnesses testify to the value of the slave, and the tender before suit brought.

On final hearing, on bill, answer, and proof, the chancellor held that the complainant had failed to make out his case, and therefore dismissed his bill.

The decree dismissing the bill, and the suppression of the two depositions of Nathan Harris, are the matters now assigned as error.

D. W. Baine, and M. J. Turnley, for appellant.

James B. Martin, *contra*.

STONE, J.—In chancery causes, we are at a loss to conceive how a motion to suppress depositions, for irregularity in the *execution* of the commission, can be advisedly made, until after publication. The authorities are full to the point, that the proper time for such motion is, after the testimony is published, and before the cause is heard on the merits.—2 Dan. Ch. Pr. pp. 1140–1, and note 1; Gordon v. Gordon, 1 Stew. 171; Gresley's Eq. Ev. 213, and note.

Depositions should not be suppressed for irregularity, on motion made for the first time at the hearing of the cause. The reason is obvious; it is then, generally, too late to remedy the error.—Jordan v. Jordan, 17 Ala. 466; Beattie v. Abercrombie, 18 Ala. 9; Cullum v. Smith, 6 Ala. 625; Spence v. Mitchell, 9 Ala. 744; Colgin v· Redman, 20 Ala. 651; McCreary v. Turk, 29 Ala. 244.

Motions of this character should be made at the earliest convenient time after publication of the testimony. We will not now say this right may not be waived in various ways.—See Malone v. Morris, 2 Moll. 324.

It is said to be a fatal objection to a deposition, if all proper interrogatories be not substantially answered; but the answer need not be to the particular interrogatory. It is sufficient if it appear in any part of the deposition. Nelson v. United States, 1 Pet. C. C. 235; Bell v. Davidson, 3 Wash. C. C. 328.

Applying these rules to the deposition of the witness Nathan Harris, first taken, we feel bound to declare, that

the answer to the 7th cross-interrogatory is evasive and incomplete; and said deposition was rightly suppressed.

When the chancellor suppressed the second deposition of Nathan Harris, the file contained no evidence that notice had been given of the time and place of taking the same, pursuant to the order made for that purpose. That order required that ten days notice should be given. A petition was subsequently filed by complainant, seeking to reinstate the second deposition, and exhibiting a notice, issued and served six days before the deposition was taken. The chancellor refused to reinstate the deposition. Without inquiring whether the ruling of the primary court in this regard is revisable, it is a sufficient answer to this assignment of error, that the notice was not such as the order required; and the chancellor, meting out equal justice between the parties, was not bound to grant the petition. We do not intend by this to disturb the rule, that an objection to evidence on one specified ground, is a waiver of all others.—Garrett v. Garrett, 27 Ala. 687. This case rests on a different principle.

That a bill of sale, absolute on its face, may be established as a mortgage or conditional sale, is, in this State, no longer open to controversy.—See West v. Hendrix, 28 Ala. 226, and authorities cited; Parish v. Gates, 29 Ala. 254, and authorities cited; Smith v. Pearson, 24 Ala. 355; Robinson v. Farrelly, 16 Ala. 472; English v. Lane, 1 Por. 328. The proof, in such case, must be "clear, consistent, and convincing."—West v. Hendrix, 28 Ala. 226; Brantley v. West, 27 Ala. 542; Bryan v. Cowart, 21 Ala. 92; Freeman v. Baldwin, 13 Ala. 247; Chapman v. Hughes, 14 Ala. 218. The only evidence in the record, favorable to the prayer of the bill, is that of Mrs. Jane Harris and the witness Swan. "We think it too uncertain and unsatisfactory to establish a trust, in opposition to the defendant's answer," and the inferences arising from the absolute form of the bill of sale.— Chapman v. Hughes, *supra*.

As we have left out of view the defendant's testimony, we need not consider the exceptions to it. The complainant has failed to make out a case for relief.

The decree of the chancellor is affirmed, at the costs of the appellant.

WALKER, J., not sitting.