[Ivey *et al.* v. Coston & Co.]

# Ivey *et al. v.* Coston & Co.

*Statutory Trial of the Right of Property.*

1. *Claim suit; when claimants not entitled to recover as mortgagees.*—When in the interposition of a claim, the claimants do not state in their affidavit that their claim to the property is based upon a mortgage, in accordance with the statute (Code, § 4145), they are not entitled to recover in said suit as mortgagees.

2. *Same; when claim is interposed under a conditional sale.* Where in a claim suit the claimants base their right to the property involved in suit under a contract of sale wherein they reserve title to the property until it is paid for, but the stipulated time for the payment of the price has not accrued, the claimants are not entitled to recover.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. J. C. RICHARDSON.

The appellant recovered judgment against one Hamilton, upon which judgment an execution was issued. This execution was levied upon two mules. Thereupon the appellees, J. W. Coston & Co. interposed a claim to the mules so levied upon, setting out in their affidavit of claim that the property so levied upon was "not the property of said J. J. Hamilton * * * but is the property of J. W. Coston & Co., and that affiant had a just claim to the property levied upon." The character of the claim of the claimant, as to whether or not it was under a mortgage or other lien, was not set out in the affidavit. Upon the interposition of this claim, issue was made and trial was had to determine the right of property between the plaintiff in execution and the claimant. The plaintiff introduced in evidence the judgment recovered by him against said Hamilton, and the execution issued thereon, together with the return of said execution, the return showing levy of the execution upon the property involved in the suit. It was shown by the return of the sheriff that the execution was levied on the property on November 9, 1900.

J. W. Coston, a member of the firm of J. W. Coston & Co., the claimant, testified that the property involved in the suit had been sold by J. W. Coston & Co. to Hamilton, the defendant in execution, on November 8, 1900, and that to secure the payment of the purchase price of the property Coston took a mortgage from said Hamilton upon the property sold to him and all other property owned by him. That the note which this mortgage was made to secure was made payable on October 1, 1901. The mortgage was introduced in evidence, and contained the following provision in reference to the mules which were sold: "The title of the same to remain in J. W. Coston & Co. until paid for."

The witness, J. W. Coston, further testified that the claimants claimed title to said property by reason of the mortgage, and that the claimants expressly reserved title to the mules until they were paid for. The cause was tried in March, 1901.

This was substantially all the evidence. The plaintiff requested the court to give to the jury the following charge, and duly excepted to the court's refusal to give the same as asked: "If you believe the evidence, you should find for the plaintiff." At the request of the claimant, the court gave to the jury the following written charge, to the giving of which the plaintiff duly excepted: "The court charges the jury that if they believe the evidence, they must find for the claimant."

There were verdict and judgment for the claimants. The plaintiff appeals, and assigns as error the rulings of the court upon the charges asked.

RUSHTON & POWELL, for appellant.—Under the evidence in the case there can be no doubt but what the instrument under which appellees claimed the property was a mortgage. The mortgagor, Hamilton, being entitled to possession of the property until the law day of the mortgage had such an interest therein as was subject to levy and sale.—*Boswell v. Carlisle,* 70 Ala. 244; *McMillan v. Otis,* 74 Ala. 560; *Heflin & Phillips v. Slay,* 78 Ala. 180.

The claimants were not entitled to recover as mort-

gagees.—*Cottingham v. Armour Co.*, 109 Ala. 421; *Catchings v. Bowden,* 89 Ala. 604, Code, § 4145.

B. R. & E. B. BRICKEN and C. E. HAMILTON, *contra,* cited *Brightman v. Meriwether,* 121 Ala. 602.

McCLELLAN, C. J.—The claim of Coston & Co. was not interposed under and in accordance with section 4145 of the Code, and therefore they were not entitled to recover as mortgagees, especially as the law day of the mortgage had not lapsed. Nor were they entitled to recover upon the title reserved by them in the sale to defendant in execution, for under that sale the defendant had at least the right to the possession and use of the property until the stipulated time for payment of the price, which time had not expired when the levy was made, nor when the claim was interposed, nor, even, when the trial was had; and this right and interest of the defendant in the property was leviable.—Code, § 1890, subdiv. 2.

Hence our conclusion that the court erred in refusing to give the affirmative charge for the plaintiff, and in giving the affirmative charge for claimant.

Reversed and remanded.