(80 South. 179)

BANK OF MOBILE v. LEWIS. (1 Div. 280.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. LANDLORD AND TENANT ⬥229(14) — ATTACHMENT—CLAIMS OF THIRD PERSONS.

Landlord who attached tenant's automobile upon a claim for rent by proving that automobile was in possession of tenant on the leased premises at the time of the levy established prima facie case as against third party claiming automobile, and shifted burden upon claimant to establish better title thereto.

2. CHATTEL MORTGAGES ⬥34 — NATURE OF INSTRUMENT—INTENTION.

The question of whether a conveyance is a mortgage is one of intention to be decided from a consideration of the whole transaction, and not from any particular feature of it, and the characterization of the transaction by the parties in the instrument itself may be fairly disregarded.

3. ATTACHMENT ⬥296—EXECUTION ⬥184—CALIMS—AFFIDAVIT—EVIDENCE.

Under Code 1907, § 6043, claimant of property upon which attachment or execution has been levied who claims by his affidavit to be owner of property cannot support his claim by evidence of either a mortgage or a lien.

4. CHATTEL MORTGAGES ⬥235 — PAYMENT — DISCHARGE OF INDEBTEDNESS.

Payment in full of indebtedness secured by chattel mortgage divested mortgagee of all right, title, or interest in the property.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Claim suit by James A. Lewis against the Bank of Mobile. Judgment for claimant, and from judgment granting a motion to set aside judgment and for new trial, claimant appeals. Affirmed.

This is a claim suit, in which the appellee was the plaintiff and the appellant the claimant in the court below.

On May 24, 1916, the plaintiff sued out an attachment against the Auto Service Company and others on account of rent due under a lease signed by the defendants. Under this attachment the sheriff of Mobile county on the 31st day of May, 1916, levied upon an automobile in the possession of the defendants on the leased premises. On the same date the claimant, the Bank of Mobile, filed an affidavit by its vice president, setting up that the Bank of Mobile "was the true and lawful owner of said automobile." On the 14th day of April judgment was rendered in favor of plaintiff against the defendants in the original suit. The question therefore here presented is whether or not the landlord's lien of the plaintiff is superior to the claim of the bank as here interposed.

The Auto Service Company was engaged in buying and selling automobiles. About May 15, 1916, the automobile here involved arrived in Mobile, shipped to the Saxon Motorcar Company, order notify the Auto Service Company. There was a sight draft attached to the bill of lading. The amount paid for this particular car was $710, of which amount the Auto Service Company obtained $500 from the bank. To secure this $500 loan, the bank took two instruments of writing, one a promissory note for $500, with a pledge agreement contained in it, but did not take possession of the pledged property, and the other was a bill of sale, conveying on its face absolute title to the Bank of Mobile. All of the evidence in the case showed, and in fact it is admitted, that it was never the intention to convey the absolute title to the automobile to the bank, but the instrument, although in absolute form a conveyance, was intended to secure the advancement of the $500 borrowed.

It appeared on the trial, without conflict, that the affidavit made by the claimant alleged "that the Bank of Mobile is the true and lawful owner of said automobile," whereas the facts disclose without conflict that the claim of the bank, if any, was given and intended as a mortgage to secure a loan of $500. It also appeared without contradiction that at the time of the trial the bank had been fully paid by the original defendants in the attachment suit.

Upon the trial of the case by the court without a jury, judgment was rendered for the claimant, and upon a subsequent day of the court the plaintiff made a motion to set aside the judgment and for a new trial, which motion the court granted, and from the judgment granting the motion, the claimant appeals.

Alex T. Howard, of Mobile, for appellant. Gregory L. & H. H. Smith, of Mobile, for appellee.

SAMFORD, J. The plaintiff's claim is based upon a claim for rent, and hence plaintiff has a lien upon the goods, furniture, and effects belonging to the defendant and in its possession on the leased premises. Code 1907, § 4747.

[1] The plaintiff made out a prima facie case by showing that the automobile was in the possession of the defendant on the leased premises at the time of the levy, and the burden was therefore shifted to the claimant to establish a better title to the property. Cochran v. Garrard & Sons, 150 Ala. 579, 43 South. 721.

[2] The question as to whether or not a conveyance is a mortgage is one of intention, to be decided from a consideration of the whole transaction, and not from any particular feature of it. On this ground the

characterization of the transaction by the parties in the instrument itself may be fairly disregarded. 19 R. C. L. p. 244, note 18, and authorities there cited.

[3] Section 6043 of the Code of 1907 provides:

"When the claim interposed is based on a mortgage or lien the claimant must state in his affidavit the nature of the right which he claims," etc.

Failing to do this, he must be cast in the suit. Where a claimant claims by his affidavit to be the entire owner of the property involved, he cannot be allowed to support such claim by evidence of either a mortgage or a lien. Hall & Brown W. Mach. Co. v. Haley Furniture & Mfg. Co. et al., 174 Ala. 190, 56 South. 726, L. R. A. 1918B, 924; Bennett, Adm'x, v. McKee, 144 Ala. 601, 38 South. 129; Ivey et al. v. Coston & Co., 134 Ala. 259, 32 South. 664.

[4] But, even if the claimant had properly described his claim to the automobile in his affidavit as being a mortgage, it appeared on the trial that the indebtedness to the claimant had been paid in full, thereby divesting the claimant of all right, title, or interest which it had theretofore had in the automobile, and therefore the automobile levied upon was subject to the lien of the plaintiff.

The trial court did not err in setting aside the judgment in favor of the claimant.

The judgment of the trial court setting aside the judgment in favor of the claimant is affirmed.

Affirmed.