168 So. 564

# HORTENSTEIN v. CLARK.

## 6 Div. 895.

Supreme Court of Alabama.

April 30, 1936.

Rehearing Denied June 11, 1936.

480

T. A. Murphree and John S. Foster, both of Birmingham, for appellant.

A. Leo Oberdorfer and R. D. Coffman, both of Birmingham, for appellee.

ANDERSON, Chief Justice.

Bill by appellee to cancel a deed to the appellant and the transfer of certain stocks and bonds because of undue influence and without consideration.

 It is, of course, a well-recognized maxim that he who comes into a court of equity must do so with clean hands. It is also a well-recognized rule that equity will not relieve one party against another when they are in pari delicto. Baird v. Howison, 154 Ala. 359, 45 So. 668; Brantley v. West, 27 Ala. 542. As to this last-mentioned rule, however, there are modifications and exceptions, and the courts may interfere from motives of public policy. 2 Pomeroy's (3d Ed.) § 941. Again, this eminent author observes in section 942, as follows:

"Lastly, when the contract is illegal, so that both parties are to some extent involved in the illegality,—in some degree affected with the unlawful taint,—but are not in pari delicto,—that is, both have not, with the same knowledge, willingness, and wrongful intent, engaged in the transaction, or the undertakings of each are not equally

blameworthy,—a court of equity may, in furtherance of justice and of a sound public policy, aid the one who is comparatively the more innocent, and may grant him full affirmative relief, by canceling an executory contract, by setting aside an executed contract, conveyance, or transfer, by recovering back money paid or property delivered, as the circumstances of the case shall require, and sometimes even by sustaining a suit brought to enforce the contract itself, or if this be impossible, by permitting him to recover the amount justly due, by means of an appropriate action not directly based upon the contract. Such an inequality of condition exists so that relief may be given to the more innocent party, in two distinct classes of cases:

"1. It exists where the contract is intrinsically illegal, and is of such a nature that the undertakings or stipulations of each, if considered by themselves alone, would show the parties equally in fault, but there are collateral and incidental circumstances attending the transaction, and affecting the relations of the two parties, which render one of them comparatively free from fault. Such circumstances are imposition, oppression, duress, threats, undue influence, taking advantage of necessities or of weakness, and the like, as a means of inducing the party to enter into the agreement, or of procuring him to execute and perform it after it had been voluntarily entered into.

"2. The condition also exists where, in the absence of any incidental and collateral circumstances, the contract is illegal, but is intrinsically unequal; is of such a nature that one party is necessarily innocent as compared with the other; the stipulations, undertakings, and position of one are essentially less illegal and blameworthy than those of the others."

■ Indeed, the rule, as above quoted, has been approved and, in effect, followed by this court in the well-considered case of Phillips v. Bradford, 147 Ala. 346, 41 So. 657, 658, and we think the averments of the present bill of complaint bring this case within the influence of said authority. It was there said:

"Our decisions have also been very liberal to the weaker party in transactions of this character, holding that 'the general principles which a court of equity applies to transactions between persons occupying fiduciary relations towards each other is not confined to cases in which there is any formal or technical fiduciary relation, such as guardian and ward, parent and child, attorney and client, etc., but extends to all cases in which confidence is reposed by one party in the other and the trust is accepted under circumstances which show that the confidence was founded on the intimate personal and business relations existing between the parties which gave the party an advantage or superiority; and in such case the onus is on the party in whom the confidence is reposed to show that no fraud, undue influence, or other improper motives entered into the transaction.' "

■ It is earnestly urged that the facts set forth in the bill of complaint do not bring this complainant within the exception —that is, do not make out a case of undue influence—in that it does not charge a misrepresentation of any material fact on the part of the respondent. In the first place, undue influence may be averred without setting out the quo modo. McLeod v. McLeod, 137 Ala. 267, 34 So. 228. But, when the facts are set out, as here, and are insufficient, the defect should be pointed out by a specific demurrer and not by a general one addressed to the entire bill of complaint. Moreover, we think the bill avers more than the expression of an opinion by respondent to the complainant as to his liability for the accident at the mine and also negatives any liability on his part. True, it could have been more positive in the denial of liability, but he does aver that no suit had been brought against him and he was informed that there was no liability on his part. His liability being largely a question of law, he could only be guided by the advice and information of competent authority.

The trial court did not err in overruling the demurrer to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.