22 So.2d 21

**GRAY et al. v. GRAY.**

**6 Div. 311.**

Supreme Court of Alabama.

April 26, 1945.

C. W. Gross, of Tuscaloosa, for appellants.

W. A. Davis, of Aliceville, and Curry & Curry, of Carrollton, for appellee.

THOMAS, Justice.

The suit is on a bill in equity filed by appellee to set aside a deed executed by him and wife to his children, which was without consideration. This old man in feeble health, who had become surety on a bond in a bastardy proceeding, and who had been notified by the judge of probate that there was default therein, was induced by his family to believe that he was in danger of having to pay the bond and that his property might be taken away from him because of liability in default of a payment on the bond. He, therefore, executed a deed to appellants, and they gave him a collateral agreement in writing, that he might deal with the lands as he wished during life and sell all timbers he found necessary for the comfort and support of himself and wife.

There was a tendency in the evidence that in fact there was no immediate liability for the whole amount of the bond on appellee. It is urged that being old, feeble in body and mind, and ignorant of the necessities of the matter urged, Mr. Gray executed the deed to appellants. As we have indicated, the agreement and understanding made by the grantees in said deed was before and at the time of the execution of the conveyance, and a writing touching the same was given. Thereafter, appellants (grantees), or some of them, denied to the grantor the right to sell the timber, and this precipitated the instant litigation to set aside said conveyance.

The testimony was given ore tenus before the trial judge and shows that no consideration was paid for the deed by appellants; that grantor was induced to execute and deliver the deed contrary to his will, and by reason of the aforementioned representations and inducements by appellants, or some of them. One of the grantees expressed his consent and concurrence to cancel the deed in his act of reconveyance of his interest to the father. Hence, it was unnecessary to make him a party to this proceeding.

The decree of the trial court cancelled the conveyance pursuant to the prayer of the bill. The rules that obtain on such hearing are well understood, and need not be repeated here.

It has been declared that a conveyance of land obtained by grossly inadequate consideration or by taking an unfair advantage will be set aside on equitable terms when due application is made therefor by the grantor. Floyd v. Green, 238 Ala. 42, 188 So. 867.

Many decisions are found in our reports touching the question of "pari delicto". Where one party occupies a confidential relation to another, such party cannot profit by the conveyance made to him without showing entire freedom from undue influence. In Hortenstein v. Clark, 232 Ala. 479, 168 So. 564, 566, the Chief Justice made pertinent quotation from Phillips v. Bradford, 147 Ala. 346, 41 So. 657, 658, to the effect that, " 'the onus is on the party in whom the confidence is reposed to show that no fraud, undue influence, or other improper motives entered into the transaction.' " It was further held that undue influence, whereby party secured possession of and title to property of one reposing confidence in former, may be averred without setting out the quo modo.

Many decisions of this court are collected in Floyd v. Green, 238 Ala. 42, 188 So. 867, 872, touching the facts for decision, and a pertinent quotation from Story's Eq., §§ 218 and 308 set out. The matter is concluded by the observation that, "The question of inadequacy of price or consideration, is not of itself, in general, sufficient to avoid a contract, yet when 'coupled with weakness of mind from whatever cause produced, or with pecuniary distress, or circumstances of fraud,' it affords a proper subject of relief in equity. The English and American authorities are collected in Kirby v. Arnold, 191 Ala. 263, 68 So. 17, and in Lester v. Mahan, 25 Ala. 445, 60 Am.Dec. 530, and Smith v. Pearson, 24 Ala. 355; Walling v. Thomas, 133 Ala. 426, 31 So. 982."

In Van Antwerp et al. v. Van Antwerp et ux., 242 Ala. 92, 5 So.2d 73, Mr. Justice Foster considered the subject and approved the announcements contained in Hortenstein v. Clark, 232 Ala. 479, 168 So. 564, and Phillips v. Bradford, 147 Ala. 346, 41 So. 657, and added that [242 Ala. 92, 5 So.2d 79], "The principle is said to be based on the idea 'that to give the plaintiff

relief in such case would contravene public morals and impair the good of society. Hence, it should not be applied in a case in which *to withhold the relief would to a greater extent offend public morals.*' 19 Am.Jur. 332; 23 Am.Jur. 1005, note 5; A. C. Frost & Co. v. Coeur D'Alene Mines Corporation, 312 U.S. 38, 61 S.Ct. 414, 85 L.Ed. 500." Italics supplied.

 It was further declared: "For one to be prejudiced by his alleged fraud visited upon another, it must have resulted in injury to him upon the basis of some actual value or its equivalent either present or prospective. Kelly v. McGrath, 70 Ala. 75, 45 Am.Rep. 75; Meeks v. Garner, 93 Ala. 17, 8 So. 378, 11 L.R.A. 196; 23 Amer.Jur. 985, section 172."

The character of inequity which will deprive a suitor of equitable relief is stated in 10 R.C.L. p. 391, § 140, and many general authorities collected. Authorities from this jurisdiction are Foster v. Winchester, 92 Ala. 497, 9 So. 83; Harton v. Little, 188 Ala. 640, 65 So. 951; Anders v. Sandlin, 191 Ala. 158, 67 So. 684, covering that phase of equity jurisprudence.

Mr. Justice Sayre for this court carefully considered the exceptions to the maxim that he who comes into equity must come with clean hands, as stated in 1 Pomeroy's Equity Juris., § 404, and embraced the same in the decisions of McCord v. Bridges, 205 Ala. 692, 89 So. 39, and Harris v. Harris, 208 Ala. 20, 93 So. 841.

 We are of opinion that the insistence of the rule as to coming into equity with "clean hands" does not apply to the facts of the case contained in the record before us. The matter litigated is not so affected by the alleged wrongful act of grantor as to bring it within the instant rule rather than the exceptions thereto, clearly set forth in Harris v. Harris, supra. That is to say, no consideration being paid for the large tract of land conveyed and procured by advantage taken of an old feeble man, under rules of confidential relations and undue influence exerted upon him by his family, to secure the execution of the conveyance, it should be set aside. The decree of the circuit court is to such effect and is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.