### In re HARGROVE.
No. 5970.

District Court, S. D. Alabama.
Dec. 17, 1945.

104

A. J. Kearley, of Mobile, Ala., for Trustee.

C. M. A. Rogers, of McCorvey, Turner & Rogers, all of Mobile, Ala., for Morgan Plan Company, Inc., claimant.

McDUFFIE, District Judge.

This cause is before the Court on the petition of claimant, Morgan Plan Company, Inc., for review of the decision of the Special Referee upon the objections of the Trustee to the claim of Morgan Plan Company, Inc., as amended.

The Court has carefully reviewed the testimony taken before the Referee in this cause and the findings of the Referee and finds the pertinent facts to be as follows:

Under date of November 13, 1942, Morgan Plan Company, Inc., loaned to the bankrupt the sum of $2,300 taking his note therefor endorsed by his father in amount of $2,346, payable one month from date. This transaction will be referred to as Loan No. 1.

Under date of December 4, 1942, Morgan Plan Company, Inc., loaned to the bankrupt the sum of $2,000 taking from him a contract whereby the bankrupt promised to pay to the claimant the sum of $4,080 one month after date. This transaction took the form of the execution by the bankrupt to claimant of a bill of sale form covering a large quantity of equipment, reciting a consideration of $4,000, the execution by the parties of a conditional sale contract form purporting to convey the property from claimant to the bankrupt, same reciting a consideration of $4,080 payable one month after date, and a form headed "Contract for Recording," being a very short paper reciting that the bankrupt acknowledged and agreed to pay his indebtedness to claimant in amount of $4,080 in connection with the purchase of the property and reciting that the title to the property remained in the Morgan Plan Company, Inc., until the debt was paid. There was no change of possession, the bankrupt remaining in actual possession of the property throughout. These documents were executed on the same day and from the evidence of James L. May, the Manager of the Morgan Plan Company, Inc., the transaction began as a loan and such a transaction was claimant's method of handling a loan to the bankrupt in that amount; also that instead of the bankrupt receiving $4,000 at the time of the execution of these papers he received only $2,000 and the balance of $2,000 was put in what claimant called a reserve account on its books. None of these papers were recorded except the form headed "Contract for Recording" which was recorded in the Probate Court of Mobile County, Alabama, on December 22, 1943. This transaction will be referred to as Loan No. 2.

Under date of July 12, 1943, Morgan Plan Company, Inc., loaned to the bankrupt the additional sum of $3,000 taking his promissory note therefor in amount of $3,150, payable 30 days after date. This loan was secured by a contract between the bankrupt and Higgins Industries under which the invoices rendered to Higgins by the bankrupt were to have been assigned to claimant. This transaction will be referred to as Loan No. 3.

According to the testimony of claimant, cash payments, sometimes credited by them to interest and sometimes to principal, were made as follows:

| | |
|---|---|
| 12-28-42 | $ 92.00 |
| 2- 9-43 | 50.00 |
| 2-27-43 | 110.00 |
| 3-24-43 | 92.00 |
| 4-16-43 | 580.00 |
| 4-16-43 | 92.00 |
| 5- 7-43 | 71.20 |
| 6-28-43 | 1679.60 |
| 6-28-43 | 46.00 |
| 7-20-43 | 1114.20 |
| 7-20-43 | 39.00 |
| 9-24-43 | 1784.80 |
| Total | $5750.80 |

In addition, claimant's evidence shows that on June 29, 1943, claimant paid $4 exchange for the account of the bankrupt and on the 12th day of July, 1943, claimant paid

to Mr. Sidney J. Gray, for the account of the bankrupt, $2.05, making a total of $6.05 which should be deducted, making total credits of $5,744.75 instead of $5,750.80. The sum of $2,529.80 of these cash payments by the bankrupt was credited by claimant to its Loan No. C 3647 dated December 4, 1942, heretofore referred to as Loan No. 2.

The Morgan Plan Company, Inc., has claimed in this cause the sum of $3,006.15 and claims a lien against the proceeds of said property for the payment of same, contending in order to establish a lien, that the transaction of December 4, 1942, Loan No. 2, was a sale by the bankrupt of the property therein described and a sale back to the bankrupt.

Some of the creditors whose claims have been approved and established in the bankruptcy proceeding had no notice of the execution by the bankrupt to the claimant, Morgan Plan Company, Inc., of any of the instruments executed in connection with Loan No. 2, that dated December 4, 1942, and it appears that the Government has established in the proceeding claims totaling $4,014.24, covering taxes assessed and unpaid against the bankrupt.

Since the adjudication of the bankrupt the property listed in the form of bill of sale and other papers executed in connection with Loan No. 2 has been sold by the Trustee under direction of the Special Referee and the proceeds of the sale are in his possession.

The loans totaled $7,300. Total credits in amount of $5,744.75, sometimes credited by the claimant to principal and sometimes to interest, as shown by the foregoing statement, have been made in cash to the claimant, leaving a difference, crediting all payments to principal, of $1555.25.

■ The Supreme Court of Alabama has held as follows:

"If the parties to an instrument, at the time of its execution, intend it as a security, whatever may be its form, equity will consider it a mortgage; and no terms or words used in it will be allowed to change its character and cut off the right of redemption." Robinson v. Farrelly 16 Ala. 472; Harris v. Miller, 30 Ala. 221, at page 224; Swift v. Swift, 36 Ala. 147, at page 154; Baldwin v. Hatchett, 56 Ala. 461, 466; Haynie v. Robertson, 58 Ala. 37, at page 40; Smith v. Murphy, 58 Ala. 630, 635;

Mobile Building & Loan Ass'n v. Robertson, 65 Ala. 382, at page 388; Turner v. Wilkinson, 72 Ala. 361, at page 366; Adams v. Pilcher, 92 Ala. 474, at page 475, 476, 8 So. 757; Jacoby v. Funkhouser, 147 Ala. 254, 40 So. 291, at page 292.

In the Alabama Court of Appeals case of the Bank of Mobile v. Lewis, 16 Ala.App. 605, 80 So. 179, the court held that where an automobile was shipped to a dealer, a sight draft attached, the amount of the draft being $710, of which amount the automobile company obtained $500 from the bank which "took two instruments of writing, one a promissory note for $500, with a pledge agreement contained in it, but did not take possession of the pledged property, and the other was a bill of sale, conveying on its face absolute title" to the bank, this was a mortgage.

And the Alabama Supreme Court held in the case of Davis v. Hubbard, 38 Ala. 185, 187, that where a bill of sale was executed by the complainant to the defendant and the defeasance executed by the defendant on the same day, they "must be construed as one instrument. Together they make a mortgage."

Section 60 of Title 9 of the 1940 Code of Alabama provides as follows:

"The rate of interest upon the loan or forbearance of money, goods or things in action, except by written contract, is six dollars upon one hundred dollars for one year, and the rate of interest by written contract is not to exceed eight dollars upon one hundred dollars for one year; and at that rate for a greater or less sum, or for a longer or shorter time."

And Section 65 of said Title provides as follows:

"All contracts for the payment of interest upon the loan or forbearance of goods, money, things in action, or upon any contract whatever, at a higher rate than is prescribed in this chapter, are usurious, and cannot be enforced either at law or in equity, except as to the principal. Nor shall the borrower of money at a usurious rate of interest ever in any case in law or in equity be required to pay more than the principal sum borrowed, and if any interest has been paid the same must be deducted from the principal and judgment rendered for the balance only. Provided, however, that the defense of usury may not be pleaded against the holder of any negotiable instrument, in due course."

■ Applying the foregoing statutes and decisions to the facts in this case, is being clearly shown by the evidence that the payment by the bankrupt of interest at the rate of 24% per annum was exacted by the claimant under the terms of Loan No. 1, that interest at the rate of 48% per annum was exacted by the claimant under the terms of Loan No. 2, and that interest at the rate of 60% per annum was exacted by the claimant under the terms of Loan No. 3, the Court is of the opinion and so holds that the contracts involved in all of these loans are usurious and cannot be enforced except as to principal and the Court is of the further opinion that the manipulations involved in Loan No. 2 were instituted by the claimant for the purpose of circumventing the above statute in a scheme to evade the Alabama Usury Laws and this transaction amounts to nothing more than a loan in amount of $2,000, the amount of money actually received by the bankrupt.

Crediting all payments, interest and principal, to principal, as is required by application of said usury statute, the evidence shows that the claimant is entitled to have its claim established only for the difference, $1,555.25. .

■ Claimant insists that it ' is entitled to a lien against the proceeds of the sale of said property for the payment of its claim. With this the Court cannot agree. Section 123 of Title 47 of the 1940 Code of Alabama provides as follows:

"*Conveyances* of personal property *to secure debts,* or to provide indemnity, *are inoperative against creditors* and purchasers *without notice, until recorded,* unless the property is brought into this state subject to such incumbrances, in which case three months are allowed for the registration of the conveyance; and if such property is removed to a different county from that in which the grantor resides, the conveyance must be recorded in such county within three months from the removal, or it ceases to have effect after such three months against creditors or purchasers of the grantor without notice." (Court's Emphasis.)

Since the instruments executed in connection with Loan No. 2 constitute a mortgage under the cited decisions of the Supreme Court of Alabama, .the conveyance by the bankrupt to claimant of the property involved should have been duly recorded in order to enable claimant to assert a lien thereunder as against creditors without notice. The testimony shows that the conveyance of this property from the debtor to the creditor, which was the conveyance securing the debt, has not been recorded and some of the creditors in this cause had no actual notice. The Trustee has the right in this proceeding to assert the rights of such creditors and claimant cannot prevail in its claim of a lien.

"The Trustee is not only invested with the title to the bankrupt's property, but since, after the filing of the petition, the creditors are powerless to pursue and enforce their rights, the Trustee is vested with their rights of action with respect to all property." Collier on Bankruptcy page 148; In re Rodgers, 7 Cir., 125 F. 169, 11 A.B.R. 79, 93, reversed on other grounds First Nat. Bank of Chicago v. Chicago Title & Trust Co., 198 U.S. 280, 25 S.Ct. 693, 49 L.Ed. 1051, 14 A.B.R. 102; Bush v. Export Storage Co., C.C.Tenn., 136 F. 918, 14 A.B.R. 138; Mitchell v. Mitchell, D.C.,N.C., 147 F. 280, 17 A.B.R. 382–389; In re Bement, 7 Cir., 172 F. 98, 22 A.B.R. 616; In re Burk, D.C.,Ga., 168 F. 994, 22 A.B.R. 69; Reardon v. Rock Island Plow Co., 7 Cir., 168 F. 654, 22 A.B.R. 26.

The transaction No. 2 was the only one of the loans under which claimant could possibly claim a lien against the proceeds of said sale and all that was recorded was the "Contract for Recording," which was not a conveyance from the bankrupt and was, so far as the bankrupt was concerned, merely an acknowledgment of his indebtedness to the claimant, and a statement that the title was claimed by the claimant until the indebtedness was paid. The instrument recorded is not constructive notice.

■ However this may be, the Court is of the opinion that the claimant is not entitled to a lien on the proceeds of the sale of said property of the bankrupt for the reason that the loan of December 4, 1942, being Loan No. 2, has by claimant's own application of payments been paid in full. The only amount of money secured by the bankrupt in this transaction was $2,000. Terming this transaction as a $4,080 loan was more of a fiction than a fact. While it is true the balance of $2,000 —held in a reserve account—was applied to the debts of the bankrupt, over $1,300 of the reserve was used and placed by the Morgan Plan Company, Inc., to the Loan No. 3, an entirely different loan. The claimant, being a loan company and not a bank, should have applied the reserve, over

which the borrower had no control, to Loan No. 2, on which more than $2,500 was actually paid. The claimant had him execute the several instruments to evidence a loan of $4,080, but all that he actually received was the $2,000 as above stated. Claimant having credited the sum of $2,529.90, payments in cash, to the Loan No. 2, overpaying it by a considerable amount, its lien against the property described therein has been discharged.

Even if there be doubt as to whether or not the filing for record of the instrument designated as "Contract for Recording" is constructive notice, this Court, clothed with its equity jurisdiction in bankruptcy, should hold and does hold that in equity and good conscience the claim of a lien is denied.

An order of this Court has been entered, affirming the findings, conclusions and order of the Special Referee, allowing a claim against the estate of the bankrupt in the sum of only $1,555.25, without a lien or a preferred status.